MARTIN v. GRAND TRUNK WESTERN RAILROAD COMPANY..

1. ACTION—CONSOLIDATION OF ACTIONS—INJURIES TO MINOR—DOC-
TOR AND HOSPITAL BILLS—DISCRETION OF COURT—CONVENIENT AD-
MINISTRATION OF JUSTICE—STIPULATION.
The consolidation of an action for injuries to a minor with his
father's action for doctor and hospital bills was not an abuse
of discretion, even in the absence of agreement or stipulation
to do so, since the convenient administration of justice was
promoted (CL 1948, § 608.1).

2. NEW TRIAL—EXTENSION OF TIME—DISCRETION OF COURT.
The denial of motion to extend time within which to move for a
new trial did not constitute an abuse of discretion, where a
new trial would have been denied on the grounds sought had
the time been extended in which to move for a new trial (Court
Rule No 47 [1945]).

Appeal from Oakland; Hartrick (George B.), J.
Submitted October 18, 1957. (Docket Nos. 85, 86,
Calendar Nos. 47,312, 47;313.) Decided December
24, 1957.

Case by Michael Martin against Grand Trunk
Western Railroad Company, a Michigan corpora-
tion, and another for medical expense occasioned by
injury to son. Similar action by Michael Martin,
Jr., by Nellie Martin, next friend, for personal in-
juries. Cases consolidated for trial. Verdicts and
judgments for defendant. Plaintiffs moved for ex-
tension of time within which to file motion for new

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Actions §§ 92–95; 53 Am Jur, Trial § 66.
[2] 39 Am Jur, New Trial §§ 181–185, 201, 202.

trial on basis that cases were improperly consolidated. Motion denied. Plaintiffs appeal. Affirmed.

*Arthur T. Iverson,* for plaintiffs.

*H. V. Spike* and *F. B. Henderson* (*Patterson & Patterson and Barrett,* of counsel), for defendant.

SHARPE, J. (*concurring*). This is an appeal from an order of the Oakland county circuit court entered on February 25, 1957, denying motions for new trial in 2 cases, based upon the right of the trial court to consolidate the cases for trial.[*] The facts upon which decision rests are as follows.

Michael Martin, Jr., was seriously injured by a train of defendant while he was on the defendant's railroad tracks. Separate actions were filed in the circuit court of Oakland county, one by the father for doctor and hospital bills, while the other action was brought by the mother, as next friend, for the son for personal injuries. The causes came on for trial and the trial court consolidated them for trial, but instructed the jury that if they returned a verdict for plaintiffs they should return 2 separate verdicts. The cause was tried and the jury returned a verdict in favor of defendant. Subsequent to the termination of the trial, plaintiffs' attorney filed a motion in each case to extend the time within which to file motion for new trial and motion to set aside the verdict and judgment. The trial court entered an order, a part of which reads as follows:

"And the court being fully advised in the premises and finding that even if the motion to extend time within which to file motion for new trial were granted he would find it necessary to deny the motion for a new trial, and the court having dictated to the ste-

---

[*] See CL 1948, § 608.1 (Stat Ann § 27.591).—REPORTER.

nographer at said hearing his reasons why plaintiffs are not entitled to a new trial,

"Now, therefore, it is ordered that said motions be, and the same hereby are, denied."

Plaintiffs appeal and urge that the trial judge abused his discretion in consolidating the 2 causes of action for the purpose of the trial.

We note that plaintiffs' counsel made the following statement to the jury prior to the introduction of testimony:

"*Mr. Kelley:* I omitted to tell you, members of the jury, in my opening statement, that we are trying 2 cases here, the boy, who is suing through his mother for his injury and his pain and suffering. He cannot recover, being a minor, for any damages for medical expenses which amount to a considerable amount, his father has that, so there are 2 suits, the suit by Jerry Martin for his own injuries, by his mother, and the case of Michael Martin, Jerry's father, for his medical expenses and other damages caused by Jerry's injury and we are asking for a verdict for Mr. Martin, Sr., and a verdict for Jerry."

The trial court stated:

"*Court:* Members of the jury. There will be outlined to you in more specific detail the nature of the claim you are going to be asked to consider. I have before me 2 causes of action, one wherein Michael Martin appears as the claimant against the Grand Trunk Railroad and also the General Motors Corporation and also a claim made by Michael Martin, Jr., against the same parties."

When the trial judge charged the jury he stated:

"The claim of the father is for expense money incurred incident to the treatment of the son. The claim of the son is for personal injury.  *  *  *

"Of course, if you believe from the circumstances irrespective of the magnitude of the injury that the

plaintiffs. have not established a right of recovery
under the law and the facts of the case as have been
presented to you, then, of course, your verdict will
be that of no cause for action in each case."

It appears that the jury could not have been mis-
led about the fact that 2 separate cases were consoli-
dated for the purpose of trial. In *Higdon* v. *Kelley,*
339 Mich 209, 222, we said:

"The propriety of consolidation is to be deter-
mined entirely by the state of facts existing prior to
the consolidation."

In the same case we said (p 220):

"It is, therefore, within the trial court's discretion
to order the consolidation of actions, where the same
legal and factual issues are involved, where the same
testimony applies, and where the consolidation will
not prejudice either party. Under the terms of the
statute, the consolidation must unite causes of action
which may, in the first instance, be joined. The stat-
ute provides that causes of action may be joined by
plaintiffs where that result would promote the con-
venient administration of justice."

In the case at bar 2 actions were started growing
out of an injury to a boy while on the tracks of de-
fendant railroad company. No objections were made
to the trial of both causes at the same time. Court
Rule No 47 (1945) provides that a motion for a new
trial must be filed within 20 days after notice of the
entry of judgment has been served upon opposing
counsel and proof filed in the clerk's office. In the
case at bar such motion was not made within the 20-
day period; however, the trial court has the power
to extend the 20-day period when good cause is
shown. In *Manczel* v. *Weiss,* 238 Mich 178, 180, we
said:

"A motion for leave to move for a new trial is ad-
dressed to the sound discretion of the trial judge,

and, unless there is a clear abuse of discretion, his denial of leave will not be disturbed."

In our opinion there was no abuse of discretion on the part of the trial court in refusing to extend the time within which plaintiffs might file motions for a new trial.

The judgments are affirmed, with costs.

Kelly and Carr, JJ., concurred with Sharpe, J.

Black, J. The question plaintiffs bring here is whether 2 separately pending causes, sounding in tort and arising from the same act or acts of negligence as charged against the common defendant, may be consolidated for trial by order of court absent agreement or stipulation of the respective parties. The answer is definitely in the affirmative. The only condition exacted by the statute in such case is that it be made to appear, and that it be judicially determined, that consolidation of the cases for trial will "promote the convenient administration of justice." This I think was made clear by the respective opinions of *Hardware Dealers Mutual Insurance Company* v. *R. H. Hidey, Inc.*, 349 Mich 490.

My inability to sign Mr. Justice Sharpe's opinion is due to attempted resurrection by him, from *Higdon* v. *Kelley*, 339 Mich 209, of language which since pronouncement thereof has sorely vexed the profession (see comment in *Hidey*, pp 518, 519, of report). I refer particularly to this totally erroneous conception of the meaning and purpose of the statute (p 220 of *Higdon's* report):

"Under the terms of the statute, the consolidation must unite causes of action which may, in the first instance, be joined."

As I read *Hidey,* it overrules the first question decided in *Card* v. *Nemecek,* 331 Mich 614.   It would clear the fog if we were to unequivocally say so.

Foregoing observations of record, I agree that Judge Hartrick did not err in refusing to grant the requested extension and that affirmance is in order, with costs to defendant.

DETHMERS, C. J., and SMITH, EDWARDS, and VOEL-KER, JJ., concurred with BLACK, J.