BUSH v BEEMER

Docket No. 186360. Submitted May 6, 1997, at Lansing. Decided July 11,
  1997, at 9:10 A.M.

Melinda Bush, individually and as next friend of Nicholas Bush, a
  minor, brought a medical malpractice action in the Washtenaw Cir-
  cuit Court against Wesley H. Beemer, M.D., and others. Ten days
  before the summons expired, the plaintiff filed an ex parte petition
  for a second summons to extend the time within which she could
  serve process on the defendants, alleging that new counsel for the
  plaintiff needed more time to evaluate whether to proceed further
  with the lawsuit. The court, Patrick J. Conlin, J., granted the sec-
  ond summons. After the plaintiff served process on the defendants,
  they moved to have the service of process quashed and for sum-
  mary disposition, arguing that the plaintiff had failed to show good
  cause for the issuance of the second summons under MCR
  2.102(D) and that the action should be dismissed under MCR
  2.102(E) for failure to serve the defendants within the ninety-one-
  day life of the original summons. The court granted the defendants'
  motions and denied a subsequent motion by the plaintiff for recon-
  sideration. The plaintiff appealed by leave granted.

  The Court of Appeals held:

  1. Good cause is established by a plaintiff for the issuance of a
  second summons under MCR 2.102(D) only if the plaintiff shows
  diligent effort in trying to serve process, not in matters that should
  logically precede the decision to serve process such as determining
  whether the action has merit. In this case, the trial court did not
  abuse its discretion in ruling that the plaintiff failed to establish
  good cause for issuance of a second summons. The plaintiff pro-
  vided no evidence of any effort to serve process on the defendants
  and did not rebut the defendants' claim that they were available for
  service during the entire life of the original summons.

  2. The trial court did not err in denying the plaintiff's motion for
  reconsideration without reviewing the transcript of the hearing on
  the defendants' motions to quash service of process and for sum-
  mary disposition. The trial court's order granting the defendants'
  motions is consistent with the trial court's oral rulings in the hear-
  ing regarding these motions.

Affirmed.

PROCESS — SUMMONSES — SECOND SUMMONSES — GOOD CAUSE.

Good cause for the issuance of a second summons to extend the time within which a plaintiff may serve process on a defendant requires a showing that the plaintiff exercised due diligence in attempting to serve process with the original summons (MCR 2.102[D]).

*Bleakley & McKeen, P.C.* (by *Brian J. McKeen*), for Melinda Bush.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for Wesley H. Beemer and others.

*Boothman, Hebert & Ellen, P.C.* (by *Dale L. Hebert* and *Joyce E. Taylor*), for Mark D. Pearlman and others.

Before: BANDSTRA, P.J., and GRIFFIN and FITZGERALD, JJ.

GRIFFIN, J. In this case of alleged medical malpractice, plaintiff appeals by leave granted a circuit court's order denying rehearing or reconsideration of an opinion and order granting summary disposition in favor of defendants. We affirm and hold that because plaintiff failed to establish due diligence in attempting to serve process on defendants, the trial court did not abuse its discretion in ruling that plaintiff failed to establish good cause under MCR 2.102(D) for issuance of a second summons.

I

Plaintiff filed this lawsuit on March 31, 1994, the day before the tort reform measures codified by 1993

PA 78[1] took effect. However, plaintiff failed to serve process on defendants by the June 30, 1994, expiration of the original summons. Instead, on June 20, 1994, plaintiff filed an ex parte petition for a second summons extending the ninety-one-day deadline for serving process. Plaintiff alleged that she was seeking new counsel, that her attorneys had given the entire file to proposed new counsel on May 12, 1994, and that her attorneys needed more time to investigate this lawsuit before serving process and filing an affidavit of merit.[2] On June 27, 1994, the trial court granted the second summons, thereby extending the deadlines for serving process and filing the affidavit of merit by ninety-one days. Plaintiff served process on all defendants in late August 1994.[3]

Each defendant responded with a motion to quash service of process and for summary disposition. Defendants argued that, because no good cause existed for issuance of the second summons under MCR 2.102(D), the action should be dismissed under MCR 2.102(E) for failure to serve defendants within the ninety-one-day life of the original summons. All the defendants alleged that they were available for service of process throughout the life of the original summons and noted that plaintiff never tried to serve process until after the summons expired. At the ensuing hearing, defendants also argued that, contrary to her reason for seeking another summons, plaintiff was still represented by the attorneys who filed her complaint. Defense counsel also asserted that dismis-

---

[1] See MCL 600.1483; MSA 27A.1483, MCL 600.2169; MSA 27A. 2169, MCL 600.2912a-600.2912h; MSA 27A.2912(1)-27A.2912(8).

[2] See MCL 600.2912d; MSA 27A.2912(4)

[3] Plaintiff's counsel never filed an affidavit of merit, however.

sal would not prejudice plaintiff because the limitation period had not run on her claim.

After expressing doubt whether plaintiff actually sought new counsel, the trial court stated:

> If there are no statute of limitations problems, which you've [defense counsel] said, then I will grant your motion.
>
> *          *          *
>
> In the event there are, your motion's [sic] denied because I'm not going to deny the parties their day in court.

Thereafter, the trial court issued an opinion and order disposing of plaintiff's claims without prejudice. The trial court's opinion notes that it reviewed the statute of limitations issues and, "for the reasons previously set forth on the record," granted defendants' motions pursuant to MCR 2.102(E) "with full knowledge of the implications regarding the statute of limitations."

Plaintiff moved for reconsideration pursuant to MCR 2.119(F), claiming that the trial court misled the parties and committed palpable error by drafting its order "in direct derogation" of its oral ruling. Finding no palpable error, the trial court denied plaintiff's motion, adding that plaintiff failed to provide a transcript establishing that the written order contradicted its oral findings.

II

Plaintiff contends that the trial court erred in ruling that she had not established good cause to excuse her failure to serve process within the ninety-one-day life of the original summons. Hence, plaintiff argues that the lower court abused its discretion by refusing to

issue a second summons pursuant to MCR 2.102(D). We disagree.

The dispositive issue on appeal involves the standard for establishing "good cause" to grant a second summons under MCR 2.102(D). In construing court rules, we apply the principles of statutory construction. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996); *Mahrle v Danke*, 216 Mich App 343, 348; 549 NW2d 56 (1996). " 'The fundamental purpose of any rule of statutory construction, of course, is to assist the court in discovering and giving effect to the intent of the [drafter].' " *Terzano v Wayne Co*, 216 Mich App 522, 526-527; 549 NW2d 606 (1996), quoting *In re Certified Question*, 433 Mich 710, 722; 449 NW2d 660 (1989). Once discovered, the drafter's intent must prevail, any existing rule of construction to the contrary notwithstanding. *Ansell v Dep't of Commerce (On Remand)*, 222 Mich App 347, 355; 564 NW2d 519 (1997); *Terzano, supra* at 527. Where reasonable minds may differ about the meaning of a court rule, we look to its objective and the harm it is designed to remedy and apply a reasonable construction that best accomplishes the drafter's purpose. See *Terzano, supra* at 527; *People v Ward*, 211 Mich App 489, 492; 536 NW2d 270 (1995). Because Michigan procedural rules are generally modeled after federal rules, *Shields v Reddo*, 432 Mich 761, 784; 443 NW2d 145 (1989), in the absence of state authority, this Court may properly look to comparable federal rules and cases interpreting those rules to ascertain the intent of a given state rule. *Brewster v Martin Marietta Aluminum Sales, Inc*, 107 Mich App 639, 643; 309 NW2d 687 (1981).

MCR 2.102(D) provides, in pertinent part:

A summons expires 91 days after the date the complaint is filed. However, within that 91 days, *on a showing of good cause*, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period. The judge may impose just conditions on the issuance of the second summons. [Emphasis added.]

No Michigan case defines "good cause" or otherwise establishes the standard for granting a second summons under this court rule. However, in construing a parallel federal rule, FR Civ P 4(j),[4] an overwhelming majority of federal courts has found "good cause" to extend a summons only if the plaintiff shows "due diligence" in attempting service of process. See, e.g., *Geiger v Allen*, 850 F2d 330, 331 (CA 7, 1988), quoting *Wei v Hawaii*, 763 F2d 370, 372 (CA 9, 1985); *Del Raine v Carlson*, 826 F2d 698, 704 (CA 7, 1987); *Lovelace v Acme Markets, Inc*, 820 F2d 81, 84 (CA 3, 1987). Similarly, in *Friedman v Estate of Presser*, 929 F2d 1151, 1157 (CA 6, 1991), the Sixth Circuit Court of Appeals held that "[c]ourts that have considered this issue . . . agree that counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." See also *Geiger, supra* at 333; *Lovelace, supra* at 84; *Hart v United States*, 817 F2d 78, 81 (CA

---

[4] FR Civ P 4(j) provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative. . . .

9, 1987); *Braxton v United States*, 817 F2d 238, 241 (CA 3, 1987); *Winters v Teledyne Movible Offshore, Inc*, 776 F2d 1304, 1306 (CA 5, 1985); *United States for Use & Benefit of ex rel Del Loss v Kenner General Contractors, Inc*, 764 F2d 707, 710-711 (CA 9, 1985); *Wei, supra* at 372; *Davidson v Keenan*, 740 F2d 129, 132 (CA 2, 1984); *Shuster v Conley*, 107 FRD 755, 757 (WD Pa, 1985). The due diligence requirement applies even "when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." *Lovelace, supra* at 84.

Finding "good cause" only if plaintiff diligently tried to serve defendants is consistent with the Report of the Caseflow Management Rules Committee, April 3, 1990, 435 Mich 1210, which provides the basis for the current version of MCR 2.102(D). See Mich Ct R, pp 2-6. The report evidences the committee's attempt to expedite litigation through good-faith efforts to comply with reasonable deadlines. Report of the Caseflow Management Rules Committee, April 3, 1990, 435 Mich 1210, 1211-1212. Anything short of a due diligence requirement· would demean the committee's call for good-faith efforts to keep established deadlines. Further, extending the time allotted for performing ministerial· procedural tasks should occur only where the party seeking the extension has diligently attempted the task within the allotted time. With this backdrop, and in light of the similar language and comparable intent of the state and federal court rules, we are persuaded by and hereby adopt the above federal standard for deciding whether "good cause" exists to extend the ninety-one-day life of the original summons. See *Brewster, supra* at 643.

We further hold that due diligence under MCR 2.102(D) means diligent efforts in *trying to serve process*, not diligence in matters logically preceding the decision to serve process. Therefore, we reject plaintiff's claim that diligent efforts to determine whether a case has merit constitutes good cause for delayed service. Such determinations should precede the filing of the complaint. See MCR 2.114. Moreover, neither MCR 2.102(D), the committee's report, nor any relevant federal case has language lending authority to the proposition that basic case evaluation should play a role in determining whether plaintiff establishes good cause for an extension of the deadline for serving process. Indeed, it makes no sense to seek an extension in the time for serving process where the reason for delayed service has nothing to do with the ability to effect service of process. Accordingly, plaintiff's attempts to evaluate the merits of her case, however diligent, are not to be considered in determining whether plaintiff established good cause for the issuance of a second summons.

Additionally, because plaintiff has "substantial control over service of process," 435 Mich 1227, we agree with the federal standard giving plaintiff the burden of establishing good cause. *Lovelace, supra* at 84. See, e.g., *Friedman, supra* at 1157; *Geiger, supra* at 332; *Braxton, supra* at 242; *Wei, supra* at 371; *Del Raine, supra* at 705; *Coleman v Greyhound Lines, Inc,* 100 FRD 476, 478 (ND Ill, 1984). We also agree with the federal standard that the existence of good cause "is a discretionary determination entrusted to the [trial] court." *Friedman, supra* at 1156; *Geiger, supra* at 333; *Del Raine, supra* at 705; *Lovelace, supra* at 83; *Braxton, supra* at 242; *Deloss, supra* at 710-711; *Wei,*

*supra* at 371; *Edwards v Edwards*, 754 F2d 298, 299 (CA 8, 1985). This standard is accordant with the trial court's customary control over the procedural aspects of trial and consistent with our review of analogous situations in which the trial courts possess discretionary authority to grant procedural privileges upon a showing of good cause. See, e.g., *Martin v Grand Trunk W R Co*, 351 Mich 112, 115; 87 NW2d 100 (1957) (time to file a motion for reconsideration); *Ostrander v Alpena Circuit Judge*, 211 Mich 575, 577; 179 NW 263 (1920) (time limit for settling a case on appeal); *In re Jackson*, 199 Mich App 22, 28; 501 NW2d 182 (1993) (granting a continuance); *Employers Mut Casualty Co v Petroleum Equipment, Inc*, 190 Mich App 57, 62; 475 NW2d 418 (1991) (withdrawing or amending a pleading); *Lindsley v Burke*, 189 Mich App 700, 702; 474 NW2d 158 (1991) (setting aside default judgment); *Duke v American Olean Tile Co*, 155 Mich App 555, 567; 400 NW2d 677 (1986) (adding an expert witness); *Dierickx v Cottage Hosp Corp*, 152 Mich App 162, 169-170; 393 NW2d 564 (1986) (compelling a physical examination); *In re Wayne Co Prosecutor*, 110 Mich App 739, 745; 313 NW2d 95 (1981) (extending a deadline so a party can produce additional witnesses); *Heaney v Verson Allsteel Press Co, Inc*, 64 Mich App 597, 598-599; 236 NW2d 155 (1975) (dismissing an action for lack of progress). Any factual findings underlying the good-cause ruling are reviewed for clear error. MCR 2.613(C).

III

Applying these principles to the present case, we hold that the trial court was within its discretion in

ruling that plaintiff failed to establish good cause for issuance of a second summons. Plaintiff provided no evidence of any effort, let alone a diligent effort, to serve defendants within the ninety-one-day life of the original summons. Nor does plaintiff rebut defendants' claim that defendants were available for service during the entire life of the original summons. Even assuming that plaintiff sought new counsel at some point, there was no reason why neither counsel attempted to serve defendants. Indeed, plaintiff made no effort to serve defendants in the ten days remaining on the original summons after she petitioned for a second summons. Because postfiling investigations concerning the merits of a prematurely filed lawsuit[5] do not constitute diligent efforts to serve process, the trial court was within its discretion in ruling that plaintiff failed to establish good cause for failing to serve defendants within the ninety-one-day life of the original summons. Therefore, the trial court did not abuse its discretion by dismissing plaintiff's action without prejudice pursuant to MCR 2.102(E). *Holliday v Townley*, 189 Mich App 424, 425-426; 473 NW2d 733 (1991).

IV

Finally, plaintiff claims that the trial court erred in ruling on plaintiff's motion for reconsideration without reviewing the transcript of the motion hearing. We disagree. After a thorough review, we hold that the trial court's order complies with its rulings at the motion hearing.

---

[5] It is apparent from the record and plaintiff's argument on appeal that she delayed serving process until she investigated her claim to determine its merits.

Affirmed.