RICHARDS v McNAMEE

Docket No. 208962. Submitted November 3, 1999, at Detroit. Decided April
7, 2000, at 9:00 a.m. Leave to appeal sought.

Charles and Magdolna Richards brought an action in the St. Clair Cir-
cuit Court against Michael J. McNamee and McNamee, Rowlings,
Streeter & Partipilo, P.C., alleging legal malpractice with respect to
the defendants' representation of the plaintiffs with regard to
claims arising from an automobile accident involving an alleged
drunk driver. The clerk of the court issued a summons, but the
plaintiffs did not serve it before its expiration date. Rather, the day
before the summons was to expire, plaintiffs' counsel requested the
issuance of a second summons, filing an affidavit that stated that
the summons had not been served because the parties were
engaged in efforts to resolve the matter without litigation. The
court, James T. Corden, J., granted the request and issued a second
summons. Five days before the second summons was set to expire,
plaintiffs' process server left the summons and complaint with the
defendant's office manager, who signed on behalf of Michael
McNamee. The clerk of the court entered an order of dismissal on
the ground that service of process was not made according to the
court rules because the office manager, rather than Michael
McNamee, signed the summons. Judge Corden's successor, James
P. Adair, J., denied the plaintiffs' request to set aside the dismissal,
without addressing the defendants' argument that the plaintiffs
failed to establish good cause for the issuance of the second sum-
mons. The Court of Appeals vacated the order of dismissal with
regard to Michael McNamee only and remanded the matter to the
circuit court, finding the defendants had actual notice of the law-
suit. Unpublished order, entered December 5, 1996 (Docket No.
184107). On remand, Judge Adair granted the defendants' motion
for summary disposition, dismissing the case without prejudice on
the basis that the plaintiffs failed to establish good cause for the
issuance of the second summons. The plaintiffs appealed.

The Court of Appeals held:

1. The trial court's dismissal must be affirmed, pursuant to MCR
7.215(H)(1), on the basis of Bush v Beemer, 224 Mich App 457
(1997), which interpreted the good cause requirement of MCR
2.102(D) to require a showing of due diligence in trying to serve

process during the period provided by the first summons in order for a second summons to be issued. The *Bush* Court emphasized that due diligence under MCR 2.102(D) means diligent efforts in trying to serve process, not diligence in matters logically preceding the decision to serve process. The due diligence requirement applies even where dismissal results in the case being barred by the statute of limitations.

2. Were this panel not bound to follow *Bush,* it would reverse the trial court's order of dismissal. The *Bush* panel's holding unnecessarily limits the reasons for failing to serve the summons that would merit the issuance of a second summons. The plaintiffs' reason for failing to serve the original summons, an attempt to avoid further litigation, was consistent with the intent behind the good cause requirement.

Affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Patrick Burkett* and *Lisa K. Pernick*), for the plaintiffs.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses, P.C.* (by *Mark H. Fink*), for the defendants.

Before: CAVANAGH, P.J., and DOCTOROFF and O'CONNELL, JJ.

DOCTOROFF, J. Plaintiffs appeal as of right from the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(2) for insufficient process and dismissing plaintiffs' legal malpractice complaint without prejudice. We affirm.

Plaintiffs alleged that they retained defendants to represent them with respect to claims arising out of an automobile accident in which plaintiff Charles Richards was involved. The driver of the other automobile involved in the accident apparently was arrested for drunk driving. Defendants filed suit on behalf of plaintiffs against an insurance company for first-party no-fault benefits. Plaintiffs terminated their

professional relationship with defendants about August 5, 1992. Thereafter, plaintiffs contacted another attorney, who filed a dramshop action on behalf of plaintiffs arising out of the automobile accident. While the dramshop action was proceeding, plaintiffs filed the instant legal malpractice case, alleging that defendants failed to advise them of the possibility of filing a dramshop action. In particular, plaintiffs alleged that defendants failed to serve timely notice on the dramshop parties, as required by MCL 436.22(5); MSA 18.993(5).

On August 5, 1994, the day the legal malpractice complaint was filed, the clerk of the court issued a summons set to expire on November 4, 1994. Plaintiffs did not serve the summons before its expiration date. Rather, the day before the summons was to expire, plaintiffs' counsel requested the issuance of a second summons. Plaintiffs' counsel also filed an affidavit, explaining that the summons had not been served because plaintiffs' counsel had contacted defendants and efforts were being made to resolve the matter without litigation. St. Clair Circuit Court Judge James Corden granted plaintiffs' request and issued a second summons set to expire on December 19, 1994.

On December 14, 1994, plaintiffs' process server left the summons and complaint with defendant Michael McNamee's office manager, who signed the summons on behalf of defendant McNamee. Thereafter, the clerk of the court entered an order of dismissal on the ground that service of process was not made according to the court rules because the summons was signed by the office manager rather than McNamee. Plaintiffs moved to set aside the dismissal,

arguing that defendants were not challenging service of process and that defendant McNamee had actual notice of the lawsuit. Defendants filed a response in which they argued that the second summons was improperly issued because plaintiffs failed to demonstrate good cause for its issuance, as required by MCR 2.102(D). St. Clair Circuit Court Judge James Adair, Judge Corden's successor, denied plaintiffs' request to set aside the dismissal, without addressing defendants' argument that plaintiffs failed to establish good cause for the issuance of the second summons. Plaintiffs appealed Judge Adair's order to this Court. This Court vacated the order of dismissal with regard to defendant Michael McNamee only and remanded the case to the circuit court, concluding that defendants had actual notice of the lawsuit. See *Richards v McNamee*, unpublished order of the Court of Appeals, entered December 5, 1996 (Docket No. 184107). On remand, defendants filed a motion for summary disposition, again challenging the issuance of the second summons on the ground that plaintiffs failed to meet the good cause requirement of MCR 2.102(D). The circuit court agreed that plaintiffs failed to establish good cause for the issuance of the second summons and granted defendants' motion for summary disposition dismissing the case without prejudice.

Plaintiffs argue that the trial court erred in granting defendants' motion for summary disposition after concluding that the trial court improperly issued a second summons. Plaintiffs contend that the trial court erred in concluding that they did not show "good cause" for the issuance of the second summons. We review de novo a trial court's decision to grant a motion for summary disposition. *Spiek v Dep't*

*of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). When ruling on a motion brought under MCR 2.116(C)(2), the trial court must consider the pleadings, affidavits, and other documentary evidence submitted by the parties. MCR 2.116(G)(5).

MCR 2.102(D) requires that good cause be shown before a second summons is issued. Specifically, MCR 2.102(D) provides:

> A summons expires 91 days after the date the complaint is filed. However, within that 91 days, on a showing of good cause, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses issued under subrule (A) do not extend the life of the original summons. The running of the 91-day period is tolled while a motion challenging the sufficiency of the summons or of the service of the summons is pending.

In finding that plaintiffs failed to show good cause for the issuance of a second summons, the circuit court relied on this Court's interpretation of the good cause requirement in *Bush v Beemer*, 224 Mich App 457; 569 NW2d 636 (1997). In *Bush*, the plaintiff filed a medical malpractice complaint the day before the effective date of the tort reform measures codified by 1993 PA 78. *Bush, supra* at 459. Ten days before the expiration of the original summons, the plaintiff filed an ex parte petition for the issuance of a second summons. *Id.* The plaintiff alleged that she was seeking new counsel and that her counsel needed more time to investigate the case before serving process. *Id.* The trial court granted the plaintiff's request for the issu-

ance of a second summons, and the plaintiff served process on the defendants before the expiration of the second summons. *Id.* The defendants moved to quash the second summons and for summary disposition, arguing that the plaintiff failed to show good cause for the issuance of the second summons. The trial court granted the defendants' motion and dismissed the case without prejudice. *Id.* at 460.

On appeal, this Court interpreted the good cause requirement of MCR 2.102(D) to require a showing of due diligence in trying to serve process during the period provided by the first summons, adding that the due diligence requirement applies even where the dismissal of the case results in the plaintiff's claims being barred by the statute of limitations. *Bush, supra* at 462-463. This Court emphasized that "due diligence under MCR 2.102(D) means diligent efforts in *trying to serve process*, not diligence in matters logically preceding the decision to serve process." *Id.* at 464. Therefore, this Court affirmed the trial court's dismissal. *Id.* at 466.

Because we are bound by MCR 7.215(H)(1) to follow *Bush*, we conclude that plaintiffs failed to demonstrate good cause for their failure to serve the original summons. The affidavit filed by plaintiffs' counsel in support of plaintiffs' motion for a second summons indicates that defendants were contacted and efforts to settle the matter without litigation had begun. The record further indicates that plaintiffs delayed serving the summons because the summary disposition motion in the underlying case regarding the notice provision had not yet been heard. Nevertheless, according to *Bush*, efforts to determine the merits of a case do not constitute good cause for the

purposes of MCR 2.102(D). *Bush, supra* at 464. While it appears that plaintiffs filed their complaint before the ruling on the summary disposition motion in the underlying dramshop action in order to avoid the running of the period of limitation, under *Bush*, the due diligence requirement applies even where dismissal results in the case being barred by the statute of limitations. *Id.* at 463. Because, under *Bush*, plaintiffs have not shown diligent efforts to serve process before the expiration of the first summons, we affirm the trial court's order granting summary disposition in favor of defendants.

However, were we not bound by *Bush*, we would reverse. We believe that the *Bush* panel correctly ruled with regard to the facts before it that the plaintiffs failed to show good cause. However, we believe that *Bush*'s interpretation of the "good cause" requirement of MCR 2.102(D) was too broad in that, in all cases, it limits "good cause" to due diligence in attempting to serve the summons and complaint.

The panel in *Bush* reached the correct result—the plaintiff there did not demonstrate good cause for the issuance of the second summons where her stated reason for failing to serve the original summons was simply that she needed more time for counsel to investigate the merits of her lawsuit. The substitution of new counsel does not alter this result. The merits of the lawsuit should have been investigated before the complaint was filed. See MCR 2.114. However, the panel went further, interpreting the "good cause" requirement of MCR 2.102(D) to require that a plaintiff demonstrate due diligence in attempting to serve the summons and complaint. *Bush, supra* at 464. The panel specifically held that a diligent effort to investi-

gate the merits of the lawsuit does not constitute good cause for delayed service. *Id.* Furthermore, the panel noted that "it makes no sense to seek an extension in the time for serving process where the reason for delayed service has nothing to do with the ability to effect service of process." *Id.* Although the plaintiff in *Bush* failed to demonstrate good cause, the panel's holding appears to go far beyond the facts of the case and would affect cases where good cause exists even though the plaintiff has not yet attempted to serve the summons and complaint. Therefore, we believe that *Bush* should be limited to its facts.

MCR 2.102(D) provides that, within the life of the original summons, the court may issue a second summons on a showing of good cause. The court rule does not define "good cause." When interpreting court rules, we apply principles of statutory interpretation. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). Our primary goal is to discern and give effect to the drafter's intent. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). More specifically, "[w]hen reviewing the circumstances of a given case to determine whether good cause exists, this Court seeks to effectuate the [drafter's] intent." *Franchise Management Unlimited, Inc v America's Favorite Chicken*, 221 Mich App 239, 247; 561 NW2d 123 (1997).

Our Supreme Court has noted that the term "good cause" is difficult to define. See *id.* at 246-247, citing *Cummer v Butts*, 40 Mich 322, 325; 29 Am Rep 530 (1879), and *Nephew v Dearborn Library Comm*, 298 Mich 187, 196; 298 NW 376 (1941). Where the statute or court rule does not define a term, we may consult a dictionary for guidance. *Consumers Power Co v*

*Dep't of Treasury*, 235 Mich App 380, 385; 597 NW2d 274 (1999).  This Court has previously defined "good cause" as " 'a substantial reason amounting in law to a legal excuse for failing to perform an act required by law.' " *Franchise Management, supra* at 246, quoting Black's Law Dictionary (6th ed), p 692.  The current edition of Black's Law Dictionary defines "good cause" more simply as "[a] legally sufficient reason." Black's Law Dictionary (7th ed), p 213.

The *Bush* panel's holding that good cause for failing to serve a summons exists only where the plaintiff has shown due diligence in attempting to serve the summons unnecessarily limits the reasons for failing to serve the summons that would merit the issuance of a second summons. The current version of MCR 2.102(D) is a result of the Report of the Caseflow Management Rules Committee, April 3, 1990, 435 Mich 1210.   The committee was directed by our Supreme Court to consider "what court rule amendments, if any, are needed to reduce unnecessary delay in litigation in the Michigan Courts." *Id.* at 1211. The committee noted that "[t]he role of the court rules is to facilitate [the processing of cases] by giving the court necessary flexibility in exercising that [case] management function, and to avoid artificial impediments to effective management." *Id.* at 1212. Therefore, the intent behind MCR 2.102(D) is to reduce unnecessary delay in litigation.

Accordingly, were we not bound by *Bush*, we would conclude that plaintiffs demonstrated good cause to merit the issuance of the second summons and that plaintiffs' reason for failing to serve the original summons was consistent with the intent behind the good cause requirement. Plaintiffs filed the com-

plaint in order to prevent their legal malpractice claim from being barred by the statute of limitations. The alleged legal malpractice involved defendants' failure to properly bring a dramshop action, but a motion for summary disposition was pending in that action. Plaintiffs hoped to avoid pursuing their legal malpractice claim by successfully bringing the dramshop action, or, in the alternative, by settling the case with defendants. The reason for failing to serve the summons and complaint was an attempt to avoid further litigation. Thus, were we not bound by *Bush*, we would conclude that Judge Corden was within his discretion in determining that plaintiffs' reason for not serving the original summons constituted good cause under MCR 2.102(D). This case does not involve an unnecessary delay in litigation, but a minor delay to *avoid* protracted litigation altogether. To hold that plaintiffs' reason was not good cause is to contravene the intention of avoiding "artificial impediments to effective [case] management." Report of the Caseflow Management Rules Committee, *supra* at 1212.

Again, if we were not bound by *Bush*, we would hold that plaintiffs demonstrated good cause, and we would reverse the trial court's order granting summary disposition pursuant to MCR 2.116(C)(2). In accordance with MCR 7.215(H)(2), we have explained our disagreement with *Bush*, and we recommend that this case be submitted to a special conflicts panel pursuant to MCR 7.215(H)(3). However, because we are bound by MCR 7.215(H)(1) to follow the rule of law established in *Bush*, we conclude that plaintiffs failed to demonstrate good cause, and we affirm the trial court's grant of summary disposition.

Affirmed.