*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL ICKES,

Plaintiff-Appellant,

v

ALEXANDER S. KORTE,

Defendant-Appellee,

and

TRANS FRONT, INC.,

Defendant.

FOR PUBLICATION
February 11, 2020
9:15 a.m.

No. 346490
Muskegon Circuit Court
LC No. 18-000063-NI

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Plaintiff, Michael Ickes, appeals as of right challenging the trial court's order dismissing his complaint against defendant, Alexander S. Korte. At issue in this appeal is primarily whether plaintiff exercised "due diligence" within the meaning of MCR 2.102(D) in attempting to serve his first summons upon defendant Alexander S. Korte (defendant). We affirm.

## I. BACKGROUND

This case arose from plaintiff's claim that he sustained injuries in an automobile accident involving defendant on January 7, 2015. On January 5, 2018, plaintiff filed a complaint initiating this action and naming Korte as a defendant. The expiration date for the summons was April 6, 2018. On March 27, 2018, shortly before the summons was due to expire, plaintiff filed ex parte motions for substituted service and for the issuance of a second summons, asserting that he had exercised due diligence in attempting to serve defendant but without success. Plaintiff asserted that he was unable to serve defendant because the address in the accident report was outdated, and he had been unsuccessful in obtaining a new address for defendant from the United States Postal

Service (USPS). Plaintiff included a form from the USPS indicating that he had asked the USPS for defendant's current address, specifying the address on the accident report as defendant's last known address. The USPS did not have a current address on file as of March 20, 2018. Plaintiff requested a second summons and substituted service in the form of first-class mail to the attorney representing defendant in a related case to which both plaintiff and defendant were parties. The trial court granted plaintiff's ex parte motions for substituted service and the issuance of a second summons.

Upon receiving the second summons by mail on April 12, 2018, defendant filed a motion to vacate the orders for substituted service and the issuance of a second summons, to quash service of process, and to grant summary disposition to defendant. According to defendant's supporting affidavit, he lived at the address listed in the accident report until late 2015 or early 2016 when he moved to a North Green Creek Road address in Muskegon, where he lived until September 2017, when he moved to a West Grand Avenue address. Defendant asserted that after each move, he filed a change of address card with the USPS and notified the Secretary of State of the new address.[1] On February 28, 2018, defendant moved to a Michigan Avenue address, and submitted a change of address card to the USPS in mid-March 2018. Defendant also informed the West Grand Avenue landlord of his new Michigan Avenue address, and defendant claimed that he received his mail from the time he moved to the Michigan Avenue address until submitting the change of address card. Lastly, defendant stated that he maintained the same phone number since January 2015. Defendant argued that plaintiff failed to show due diligence in attempting to serve him given that plaintiff had defendant's current phone number and the name of defendant's attorney and could have obtained defendant's current address at any point with minimal effort by checking with the USPS, the Secretary of State's office, his attorney, or his former landlord.

The trial court granted defendant's motions and dismissed the complaint against defendant without prejudice, holding that plaintiff failed to demonstrate due diligence in attempting to serve defendant before the original summons expired. The trial court also denied plaintiff's motion for reconsideration. This appeal followed.

II. STANDARD OF REVIEW AND PRINCIPLES OF LAW

On appeal, plaintiff contends that the trial court abused its discretion by vacating the orders for substituted service and for the issuance of a second summons, quashing service of process, and dismissing the complaint against defendant without prejudice. We disagree.

We review a trial court's decision to permit or deny the issuance of a second summons for an abuse of discretion. See *Bush v Beemer*, 224 Mich App 457, 465-466; 569 NW2d 636 (1997). Similarly, we review a trial court's decision to permit or deny substituted service for an abuse of discretion. See *Bullington v Corbell*, 293 Mich App 549, 560; 809 NW2d 657 (2011). A trial

---

[1] Defendant points out that because the USPS only forwards mail to a new address for 12 months, it is not surprising that by March of 2018, the USPS would no longer retain forwarding information for the address listed in the accident report.

court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

Upon the filing of a complaint, the court clerk issues a summons to be served upon the defendant. MCR 2.102(A). A plaintiff then may obtain service upon an individual defendant either by delivery of the summons and a copy of the complaint to the defendant in person or by sending the summons and a copy of the complaint to the defendant by registered or certified mail, return receipt requested, with delivery restricted to the defendant. MCR 2.105(A). Generally, a plaintiff has 91 days to serve a defendant before a summons expires. MCR 2.102(D). Within that time, a trial court may extend the time for the plaintiff to serve the defendant by ordering the issuance of a second summons if the plaintiff demonstrates due diligence in attempting to serve the original summons. *Id.*; see also *Richards v McNamee*, 240 Mich App 444, 449; 613 NW2d 366 (2000). "The due diligence requirement applies even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." *Bush*, 224 Mich App at 463.

Similarly, if a plaintiff demonstrates that service cannot reasonably be made upon the defendant in the manner provided in MCR 2.105(A), the trial court may permit service of process in another manner reasonably calculated to provide the defendant actual notice. MCR 2.105(I). However, "[a] truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Bullington*, 293 Mich at 559 (quotation marks and citation omitted).

## III. ANALYSIS

In this case, the trial court determined that plaintiff did not provide evidence of due diligence in attempting to serve defendant. The trial court observed that plaintiff could have located the defendant and effectuated service before the original summons expired by checking with the Secretary of State, contacting defendant by phone to arrange service, checking with defendant's previous landlord, or contacting defendant's attorney, but failed to take these simple steps. The trial court stated, in pertinent part:

If the plaintiff would have exercised due diligence by checking with the secretary of state he would have had [defendant's] new address and would have been able to serve the defendant.

After February 28th the defendant again changed his residence. . . . The defendant notified his landlord of his new address. A check with the landlord at this address would have given the plaintiff the information needed for service.

The defendant has maintained the same phone number since the accident and it is listed in the police report. Plaintiff never tried to call to see if defendant would accept service.

The defendant has the same attorney for both cases, the instant case and 2017-2952-NI as stated previously. The attorney for the plaintiff in this case has had contact with the defendant's attorney in the 2017 case and has never asked the

-3-

attorney about serving his client. At the hearing on June 15th the plaintiff's attorney stated that he did not say anything because he did not want to tip his hand at that time.

The plaintiff had many opportunities that he did not use to serve the defendant before the summons expired.

We are baffled and disturbed by the suggestion that plaintiff's counsel should have contacted defendant directly. See MRPC 4.2. We also do not believe plaintiff should have been personally obligated to act on behalf of his attorney. Therefore, we absolutely reject the proposition that plaintiff's failure to call, or otherwise directly contact, defendant shows any lack of due diligence whatsoever. Nevertheless, in all other respects, we agree.

We recognize that plaintiff took *some* steps to serve defendant, in contrast to the total absence of effort in *Bush*. See *Bush*, 224 Mich App at 466. Nevertheless, due diligence requires efforts that are more than a "mere gesture." *Bullington*, 293 Mich App at 559 (quotation omitted). We adopt the definition of "due diligence" set forth in other contexts: due diligence means undertaking reasonable, good-faith measures under the circumstances, not necessarily everything possible.[2] See *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998); *People v Sullivan*, 97 Mich App 488, 493; 296 NW2d 81 (1980); *People v Williams*, 57 Mich App 199, 201- 202; 225 NW2d 691 (1974). Here, the record shows that plaintiff made no effort to serve defendant until about three weeks before the original summons was set to expire and did not avail himself of the multiple methods reasonably available to him to locate defendant. For example, plaintiff could simply and easily have contacted defendant's attorney, who was known to plaintiff due to the parties' simultaneous involvement in other litigation. Furthermore, an interrogatory answer in that other litigation contained defendant's current address. We agree with plaintiff's argument that those efforts might have been unsuccessful; however, that does not excuse plaintiff's failure to make reasonable attempts.

Because the trial court's determination that plaintiff failed to demonstrate due diligence in attempting to serve defendant did not fall outside the range of reasonable and principled outcomes, we conclude that the trial court did not abuse its discretion by granting defendant's motions and dismissing the complaint as to defendant.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola

---

[2] Thus, the bare fact that a party could have expended greater efforts is irrelevant. Of necessity, due diligence also therefore does not require the commission of acts that are illegal, professionally unethical, or otherwise impermissible under any applicable rules or regulations. We are unaware of any standard of care that might impose such a requirement.