*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BATTH INVESTMENTS LLC,

        Plaintiff-Appellant,

v

STAN MICIURA and MICHAEL MICIURA,

        Defendants-Appellees.

UNPUBLISHED
January 12, 2023

No. 360488
Wayne Circuit Court
LC No. 19-000354-CH

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right following remand by this Court, challenging the circuit court's order granting defendants' claim for reasonable use of property under MCR 3.411(E) in the amount of $40,800. We reverse and remand for further proceedings.

As set forth in this Court's previous opinion on this matter, this case arises from a foreclosure of a mortgage by advertisement on a condominium owned by Angela Barney. *Batth Investments, LLC v Miciura*, unpublished per curiam opinion of the Court of Appeals, issued April 29, 2021 (Docket no. 352642), slip op at 1. In April 2018, the condominium was sold at a sheriff's sale to defendants; thereafter, Barney had six months to redeem the property, i.e., until October 26, 2018. *Id*. In June 2018, defendants filed a summary-proceeding in district court to evict Barney and, on June 13, 2018, a default judgment was entered against Barney. *Id*. On October 5, 2018, Barney moved to set aside the default judgment and, on that same day, she executed a quitclaim deed in favor of plaintiff, which was recorded "two days before the date on which Barney claimed that the redemption period was to expire." *Id*. at 2. Ultimately, Barney's motion to set aside the default judgment was denied. The district court held that her redemption rights had been extinguished by the default judgment and that title vested with defendants. *Id*.

Thereafter, plaintiff sued to quiet title in circuit court, claiming that it had properly redeemed the property and was the owner of the condominium. *Id*. The circuit court granted plaintiff's motion for summary disposition, apparently agreeing with plaintiff that Barney's redemption rights were not extinguished by the default judgment, and therefore, plaintiff was the owner of the condominium. *Id*.

-1-

Defendants appealed that decision to this Court, which reversed. In brief, this Court concluded that plaintiff's complaint to quiet title constituted an impermissible collateral attack against the district court's default judgment and order denying Barney's motion to set aside the default judgment. *Id*. at 6. Thus, the circuit court erred in granting plaintiff's motion for summary disposition. *Id*. Moreover, this Court held, Barney's redemption rights were extinguished by the default judgment and title had vested in defendants; therefore, even if the action had not been an impermissible collateral attack, plaintiff would not have been entitled to judgment in its favor. *Id*. at 6-7. Accordingly, the matter was remanded to the circuit court for further proceedings. *Id*. at 7. Plaintiff sought leave to appeal to our Supreme Court, which was denied. *Batth Investments, LLC v Miciura*, 967 NW2d 614 (2022).

Thereafter, on January 10, 2022, defendants filed in the circuit court a claim for reasonable value of use of the premises under MCR 3.411(E). Defendants averred that plaintiff took possession of the subject condominium in February 2020, following the circuit court's order granting plaintiff's motion for summary disposition. Further, defendants averred, on February 25, 2020, plaintiff filed a claim in the circuit court for reasonable value of use of the premises under MCR 3.411(E), which alleged that during the pendency of that action defendants "had possession of the property, depriving Plaintiff of the income and benefits of such possession for approximately one year." Plaintiff also stated in its claim that similar condominiums in that community were renting for $1,700 a month, and thus, plaintiff sought $1,700 a month for 12 months, totaling $20,400 from defendants. Accordingly, defendants argued, they were entitled to the same reasonable rental rate posited by plaintiff of $1,700 a month during the two-year pendency of this case, for a total of $40,800.

On February 8, 2022, plaintiff responded to defendants' claim for reasonable value of use of the premises, arguing that it never took or assumed possession of the subject property and it did not take any measure to withhold possession of the property from defendants. In fact, plaintiff argued, defendants had a default judgment of possession against Barney so defendants had continuous possession—not plaintiff. Therefore, plaintiff argued, it never withheld possession of the premises as required for recovery under MCR 3.114(E)(1) and defendants' claim must fail. Plaintiff attached to its brief an affidavit of Inderjeet Batth, a member and manager of plaintiff, which stated that plaintiff never took possession, or withheld possession, of the subject property.

On February 11, 2022, a hearing on defendants' claim for reasonable value of use of the premises was conducted by Zoom.[1] According to the stipulated order settling a statement of facts concerning that hearing, when defendants attempted to take possession of the subject property in January 2022, it was "discovered that the locks were punched out and replaced." Plaintiff denied any knowledge about the locks being replaced and argued that it had made no attempt to change defendants' judgment of possession, made no attempt to take possession, and did not enter the property or pay fees, taxes, or assessments related to the property. In sum, plaintiff argued, it did

---

[1] An order granting defendants' claim for reasonable value of use of the premises was entered on February 14, 2022, referring to "reasons stated on the record," but no transcript of the proceeding was available; therefore, a stipulated order settling the statement of facts related to that hearing was entered on May 4, 2022.

not withhold possession of the property from defendants so it was not liable for the value of the use of the property under MCR 3.411(E). The circuit court indicated that plaintiff had the right of possession after summary disposition was granted in its favor and plaintiff responded that the right of possession is not the same as *having* possession. Defendants' attorney showed the court "photographs depicting a door with its locks punched out with the doorknob and lock parts on the floor" and indicated that a locksmith had to be hired to access the property. The circuit court then stated that it was taking judicial notice that plaintiff had the right of possession and, based on plaintiff's prior request for $1,700 a month from defendants, the court was "awarding that amount of lost value to Defendants for the 24-month period Plaintiff had the right to possess the property." Accordingly, the court granted defendants' claim for reasonable value of use of the premises and awarded $40,800 to defendants.

On appeal, plaintiff argues that the circuit erred by awarding defendants $40,800 on their claim for reasonable value of use of the premises under MCR 3.411(E) because there was no evidence that plaintiff withheld possession of the subject property and no evidence was submitted to support that award. We agree.

The interpretation and application of a court rule are questions of law that we review de novo on appeal. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). "Court rules are interpreted using the same principles that govern statutory interpretation." *Lamkin v Engram*, 295 Mich App 701, 709; 815 NW2d 793 (2012). Our purpose in reviewing questions of court rule construction—as in statutory construction—is to discern and give effect to the drafter's intent. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005); *In re Mota*, 334 Mich App 300, 311; 964 NW2d 881 (2020). Our analysis begins by examining the plain language of the court rule; if the language is unambiguous, no judicial construction is required or permitted and the rule must be enforced as written. *Echelon Homes*, 472 Mich at 196 (citation omitted). The undefined words of a court rule must be given their plain and ordinary meaning, which may be ascertained by looking at dictionary definitions. See *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002); *Richards v McNamee*, 240 Mich App 444, 451-452; 613 NW2d 366 (2000).

This case began with plaintiff claiming an interest in the subject property and filing a quiet title action against defendants under MCL 600.2932(1) to determine their competing interests in that property. See *Trademark Props of Mich, LLC v Federal Nat'l Mtg Ass'n*, 308 Mich App 132, 137; 863 NW2d 344 (2014). Specifically, MCL 600.2932(1) states:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

MCR 3.411 "applies to actions to determine interests in land under MCL 600.2932." MCR 3.411(A). It is undisputed by the parties that MCR 3.411 applies to this action to quiet title that was brought in the circuit court. And the circuit court granted plaintiff's motion for summary disposition, holding that plaintiff established the superiority of its claim to defendants' claim. The

circuit court's decision was premised on a dispositive issue of law, and there are few record facts about the subject property. This Court ultimately reversed that circuit court decision.

After defendants prevailed on appeal, they filed a claim under MCR 3.411(E), which provides:

**(E) Claim for Reasonable Value of Use of Premises.**

(1) Within 28 days after the finding of title, the party found to have title to the premises may file a claim against the party who withheld possession of the premises for the reasonable value of the use of the premises during the period the premises were withheld, beginning 6 years before the action was commenced.

(2) The court shall hear evidence and make findings, determining the value of the use of the premises.

(a) The findings must be based on the value of the use of the premises in their condition at the time the withholding party, or those through whom that party claims, first went into possession. The use of the buildings or improvements put on the land by the party who withheld possession may not be considered.

(b) The findings must be based on the general value of the use of the premises, not on a peculiar value the use of the premises had to the party who withheld possession or might have had to the party who had title.

Defendants argued that plaintiff took possession of the subject property in February 2020 and even filed a claim against defendants under MCR 3.411(E), alleging that defendants had wrongfully denied plaintiff of possession of the subject property during the year the case was pending. In response to defendants' argument, plaintiff denied that it ever took possession of the subject property, arguing that defendants had a judgment of possession and plaintiff took no action contrary to that judgment in defendants' favor. Plaintiff submitted an affidavit in support of its response to defendants' claim. The circuit court granted defendants' claim, without an evidentiary hearing, finding that plaintiff had the right of possession and, because plaintiff had previously requested $1,700 a month, that was the value that defendants were entitled to receive. On appeal, plaintiff first argues that the trial court erred because even if plaintiff had "the right of possession," plaintiff never "withheld possession" as required for recovery of damages under MCR 3.411(E)(1). We agree with plaintiff.

The court rule does not define the phrase "withheld possession," but we may consider the dictionary definitions to ascertain the plain and ordinary meaning of the words, considering the context in which they are used. See *Yudashkin v Linzmeyer*, 247 Mich App 642, 650; 637 NW2d 257 (2001) (citation omitted); *Richards*, 240 Mich App at 451-452. Random House Webster's College Dictionary (2d ed) defines "withhold" as including "to hold back; restrain or check . . . to refrain from giving or granting" and defines "possession" as including "actual holding or occupancy, either with or without rights of ownership." And if the term "possession" is considered a legal term of art, its legal meaning is similar to its common definition. Black's Law Dictionary (7th ed) defines "possession" as including: "1. The fact of having or holding property in one's power; the exercise of dominion over property. 2. The right under which one may exercise control

-4-

over something to the exclusion of all others . . . ." Therefore, for defendants to succeed on their claim, they had to prove that plaintiff occupied or exercised control over the subject property—a condominium—and refrained or refused to relinquish that control or occupancy to defendants. There is no evidence that plaintiff occupied or exercised control over the property by, for example, occupying it, renting it, or improving it. To the contrary, defendants actually held a judgment for possession with respect to that property which was obtained in the summary proceedings against Barney on June 13, 2018. There is no evidence of record that the judgment for possession was set aside or violated. And a judgment for possession "is a judgment that entitles the [holder] to possession of the premises . . . ." *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 170; 600 NW2d 617 (1999); see also MCL 600.5744. As the holder of the judgment for possession, defendants had the legal right to possession of the subject property—not plaintiff.

Further, plaintiff presented an affidavit to the circuit court executed by a member and manager of plaintiff which stated that plaintiff never took possession, never attempted to take possession, and never withheld possession of the subject property. While defendants' attorney showed the circuit court during the Zoom hearing what was allegedly photographs of a door with its locks punched out, this was neither admissible nor persuasive evidence. See *Matter of Robinson*, 180 Mich App 454, 460; 447 NW2d 765 (1989) ("A proper foundation for the admission of photographs is made if someone who is familiar from personal observation of the scene or person photographed testifies that the photograph is an accurate representation of the scene or person."). Therefore, we disagree with the circuit court that defendants proved that plaintiff "withheld possession" of the subject property within the contemplation of MCR 3.411(E)(1).

Plaintiff next argues that the "reasonable value of the use of the premises" was not properly determined. We agree with plaintiff. First, we reject defendants' argument on appeal that it was incumbent on plaintiff to request an evidentiary hearing to determine whether plaintiff withheld possession of the property and, if so, the amount of defendants' monetary damages. Defendants brought *a claim* seeking monetary damages under MCR 3.411(E); thus, as the allegedly aggrieved party, defendants were required to prove that claim by establishing both that defendants "withheld possession" and the "reasonable value of the use of the premises during the period the premises were withheld[.]" See MCR 3.411(E)(1).

Second, we reject defendants' argument—and disagree with the circuit court's holding—that "the reasonable value of the use of the premises" was conclusively determined by the fact that plaintiff had previously filed a claim against defendants under MCR 3.411(E), seeking $1,700 a month in rent for the subject property. Contrary to defendants' argument on appeal, the doctrine of judicial estoppel does not apply under these circumstances. In brief, judicial estoppel prevents a party who *successfully* asserted a particular position in a prior proceeding from later asserting a wholly inconsistent position. See *Duncan v Michigan*, 300 Mich App 176, 190; 832 NW2d 761 (2013) (citation omitted). In other words, the court in the prior proceeding must have accepted the particular position as true. *Id*. (citation omitted). That did not happen in this case. There is no record evidence that plaintiff's "claim" under MCR 3.411(E) was ever adjudicated by the circuit court and determined to be "the reasonable value of the use of the premises." And there is no record evidence that defendants were ever ordered to pay plaintiff, or that defendants ever paid plaintiff, any amount of money with regard to the subject property. But, more importantly, MCR 3.411(E) states:

(2) The court shall hear evidence and make findings, determining the value of the use of the premises.

(a) The findings must be based on the value of the use of the premises in their condition at the time the withholding party, or those through whom that party claims, first went into possession. The use of the buildings or improvements put on the land by the party who withheld possession may not be considered.

(b) The findings must be based on the general value of the use of the premises, not on a peculiar value the use of the premises had to the party who withheld possession or might have had to the party who had title.

The use of the word "shall" generally denotes a mandatory action; thus, because the rule states that the "court shall hear evidence," an evidentiary hearing is mandatory under MCR 3.411(E)(2). See *Manual v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008). This rule further requires that specific findings be made with regard to the determination of the "value of the use of the premises." MCR 3.411(E)(2). In that regard, the court must consider the condition of the premises at the time the "withholding party . . . first went into possession," MCR 3.411(E)(2)(a), which supports our conclusion stated above that defendants had to prove that plaintiff actually occupied or exercised control over the subject property, i.e., "went into possession." The court must also consider only the general value, not the peculiar value, of the premises. MCR 3.411(E)(2)(b).

In this case, no evidentiary hearing was conducted and the circuit court made no specific findings about the subject property, including the condition of the premises at any time during this proceeding. On appeal defendants concede that an evidentiary hearing was not conducted but argue that one was not required. As discussed above, and according to the plain language of MCR 3.411(E)(2), we cannot agree. Defendants presented absolutely no evidence to establish either that plaintiff "withheld possession" and, if so, "the reasonable value of the use of the premises." Therefore, this matter must be remanded. The circuit court's award of $1,700 a month to defendants for the 24-month period that plaintiff allegedly had the "right of possession" of the subject property, for a total of $40,800, is reversed and this matter is remanded to the circuit court for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

-6-