PEOPLE v. HERRELL.

1. Criminal Law—Photograph as Evidence—Explanation of Changes.

Admission in evidence of photograph of defendant's car, taken by police officer showing the right rear corner with a yardstick alongside and with the taillight removed *held,* not reversible error in prosecution for leaving the scene of a fatal accident, contrary to statute, where accompanied by explanation of officer that he had removed the taillight to check for paint particles but had been unable to replace it before taking the photograph, the variance having been explained and the jury informed and able to understand the changes represented in the photograph (CLS 1961, § 257.617).

2. Evidence—Photographs—Identity of Subject.

There should be substantial identity in the thing photographed and that which the jury are to consider, it being proper to require that the changes be carefully pointed out and brought to the jury's attention in order to render proper the admission of a photograph in evidence.

References for Points in Headnotes
[1] 20 Am Jur, Evidence §§ 728, 731.
[2] 20 Am Jur, Evidence § 731.

Appeal from Recorder's Court of the City of Detroit—Traffic and Ordinance Division; Wood (Andrew C.), J. Submitted Division 1 October 6, 1965, at Detroit. (Docket No. 211.) Decided November 15, 1965.

Glen Dee Herrell was convicted of leaving the scene of a fatal accident, CLS 1961, § 257.617. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel D. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, for the people.

*Casey K. Ambrose,* for defendant.

J. H. GILLIS, J. Defendant Glen Dee Herrell was tried and convicted by a jury in the recorder's court, traffic and ordinance division, for the city of Detroit for the crime of leaving the scene of a fatal accident, contrary to CLS 1961, § 257.617 (Stat Ann 1960 Rev § 9.2317). The accident occurred on February 16, 1963.

Defendant appeals alleging the trial court committed reversible error in admitting into evidence, over objection, a photograph entitled the people's exhibit 7.

During the course of the trial a Detroit police officer testified that exhibit 7 was a photograph that he had taken of the defendant's car showing the right rear corner with a yardstick alongside and with the taillight removed. The officer further testified that the yardstick was placed in such a position so as to indicate the distance between the damage and the ground, and that in order to place the yardstick in such position he had to bend the molding on the fender. He further explained that he removed the

taillight in order to check for paint particles but was unable to replace it before taking the photograph.

Defendant objected to the introduction into evidence of the photograph on the grounds that it did not truly represent the automobile as it was found by the officer. The court admitted the exhibit into evidence, ruling that with the officer's explanation of the variance, the jury was properly informed and able to understand the changes represented in the photograph.

The general rule is well stated in *Pruner* v. *Detroit United Railway* (1912), 173 Mich 146, 151, quoted with approval in *Perri* v. *Tassie* (1940), 293 Mich 464, 473:

"In photographs there should be a substantial identity in the person, place, or thing photographed and that which the jury are to consider in the case. It is difficult, and often impossible, to obtain a photograph of the scene of the accident at or about the time of the accident, but, having in mind the object sought, the assisting of the jury by knowledge of the locality to judge the conduct of the parties with reference to the issue raised, the only practical rule would seem to be that the changes must not be such as to destroy the substantial identity. The changes should be carefully pointed out and brought to the jury's attention. With these safeguards, the subject must be left largely to the discretion of the trial judge."

In the instant case, the officer's explanation satisfied the requirements of the rule set forth above.

See, also, *People* v. *Freeman* (1965), 1 Mich App 63, wherein this Court held that photographs taken of a corpse showing six bullet holes were admissible although each hole had been circled with white paint and in one of them a probing instrument had been inserted.

We find no reversible error in this record.  Judgment affirmed.

LESINSKI, C. J., and FITZGERALD, J., concurred.