PEOPLE v MACKEY

Docket No. 91507. Submitted June 18, 1987, at Detroit. Decided April 19, 1988.

Michelle L. Mackey was convicted of second-degree murder following a bench trial in Wayne Circuit Court and was sentenced, John R. Kirwan, J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in allowing photographs of the victim to be admitted into evidence. Defendant failed to object to the admission at trial, and the photographs were not decisive of the outcome of the case. Furthermore, the photographs were more probative then prejudicial and there was no jury involved.

2. The evidence sufficiently established the element of malice.

Affirmed.

1. APPEAL — EVIDENCE — PRESERVING QUESTION.

The failure to object at trial to the admissibility of evidence precludes appellate review of the issue unless the admissibility of the evidence was decisive to the outcome of the case.

2. CRIMINAL LAW — EVIDENCE — PHOTOGRAPHS.

Photographs of a decedent which are not particularly gruesome and aid the trial court in evaluating a defendant's claim that the decedent's death was accidental are more probative than prejudicial, especially in a bench trial.

3. HOMICIDE — MURDER — MALICE — INFERENCES.

Malice or the intent to kill may be inferred from the acts of the defendant where the defendant actually intended to inflict great bodily harm or the natural tendency of the defendant's behavior is to cause death or great bodily harm.

REFERENCES

Am Jur 2d, Evidence §§ 783 *et seq.*, 1105.

Am Jur 2d, Homicide §§ 41 *et seq.*

Am Jur 2d, Trial §§ 162 *et seq.*

Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.

Admissibility of photograph of corpse in prosecution for homicide or civil action for causing death. 73 ALR2d 769.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: H. Hood, P.J., and Weaver and M. Warshawsky,* JJ.

Per Curiam. Defendant was convicted in a bench trial of second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to fourteen to thirty years imprisonment with credit for time served. On appeal as of right, defendant raises issues concerning the admission of photographic evidence on the element of malice and insufficient evidence. We find the issues to be without merit and affirm.

Defendant was convicted of second-degree murder in the death of fourteen-month-old Lyndia Hubbard. On July 24, 1985, Lyndia died as a result of a massive head injury. Defendant was employed as Lyndia's baby-sitter at the time of the incident. Defendant's neighbor, Rita Wilamowski, was sunbathing at approximately 1:00 P.M. that day. Defendant had also been lying outside in the sun. Wilamowski heard Lyndia cry for about 1½ hours. Wilamowski saw defendant go into the house once at 2:00 or 2:30 P.M. for about a minute. As defendant came back out into the yard, she turned and "told the baby to lay down and take a nap or she would beat its butt." Defendant's fiancé, Rickey Frederick, arrived home from work at approximately 5:00 P.M. Lyndia was lying on her stomach

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on the waterbed in the only bedroom. Frederick turned Lyndia over and discovered that she was not breathing. Defendant began crying and told Frederick that Lyndia had fallen off a footstool earlier in the day and that Lyndia had fallen off the waterbed twice. Rescue team members testified that Lyndia was clinically dead when they arrived at defendant's house.

Defendant first argues that the trial court erred by admitting photographs of the victim into evidence. We first note that defendant failed to object to the photographic exhibits on these grounds during trial. Appellate review is therefore foreclosed unless the admissibility of the evidence was decisive of the outcome of the case. *People v Barr,* 156 Mich App 450, 459; 402 NW2d 489 (1986). Even on the merits, however, we find admission of the photographs to have been a proper exercise of discretion. *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972). The photographs were not particularly gruesome and aided the trial court in evaluating defendant's claim that Lyndia's injuries may have been accidental, caused by falls from the footstool and the waterbed. In light of defendant's theory at trial, the photographs were undoubtedly more probative than prejudicial. MRE 403. Moreover, there was no jury to inflame in the present case. *Eddington, supra,* pp 562-563. Finally, if the photographs were cumulative evidence, as defendant argues, they could not have been decisive of the outcome of the case.

Defendant next argues that the evidence was insufficient to support the trial court's verdict of second-degree murder. In particular, defendant argues that, based on the evidence of defendant's drinking and smoking marijuana, she believed she was being provoked by the deceased and thus the evidence was insufficient on the element of intent.

On review, we view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

We find the evidence sufficient to support defendant's conviction. The examining physician, Dr. Muntaz George, and Wayne County Medical Examiner Ian Hood both testified that Lyndia's injuries were not consistent with a fall of two to three feet. Her injuries, consisting of a skull fracture and at least a dozen sites of fresh bruising on Lyndia's arms, wrists, shoulders, buttocks, thighs, and face, may have been caused by a fall in excess of five or ten feet or by throwing or hitting Lyndia against a flat surface. Abrasions to Lyndia's nose and chin were consistent with the pattern that would be caused by pushing a face against a carpeted surface. Blood samples collected from the floor and walls of the bedroom in defendant's home were consistent with the decedent's blood type. There was evidence that someone had attempted to wipe some of the blood spatters off the bedroom wall. Hood also testified that a tear in the frenulum, as suffered by Lyndia, is generally regarded as evidence of deliberately inflicted trauma. Livonia Police Detective John McDonald obtained a written, signed statement from defendant indicating that she was angry and shook Lyndia, how many times she could not remember.

Malice or the intent to kill may be inferred from the acts of the defendant where the defendant actually intended to inflict great bodily harm or the natural tendency of the defendant's behavior is to cause death or great bodily harm. *People v Thomas,* 85 Mich App 618, 624; 272 NW2d 157 (1978). Here, the natural tendency of defendant's

brutal beating of the young child was to cause great bodily harm. Defendant presented no reasonable theory of passion or provocation. We find the evidence sufficient to establish the element of malice. Defendant's conviction and sentence are affirmed.

Affirmed.