**Angela ALLEN, Petitioner,**

v.

**Clarice STOVALL, Respondent,**

**No. CIV.00–CV–74686–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

July 10, 2001.

Angela Allen, Coldwater, MI, Pro se.

Debra M. Gagliardi, Vincent J. Leone, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Clarice Stovall, respondents.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

OMEARA, District Judge.

Angela Allen, ("petitioner"), presently confined at the Western Wayne Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed *pro se*, petitioner challenges her conviction and sentence on one count of voluntary manslaughter, M.C.L.A. 750.321; M.S.A. 28.553. For the reasons stated below, petitioner's application for writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was originally charged with one count of open murder and one count of first-degree child abuse for the death of her four month old son. Pursuant to a plea agreement, petitioner was permitted to plead guilty to a reduced charge of voluntary manslaughter, in exchange for which the open murder and the first-degree child abuse charges were dismissed. Petitioner was sentenced to ten to fifteen years in prison.

Petitioner subsequently filed a motion for re-sentencing with the trial court, which was denied. *People v. Allen,* 97–1203–FH (Genesee County Circuit Court, November 23, 1998). Petitioner's conviction and sentence were subsequently affirmed on appeal. *People v. Allen,* 216374 (Mich.Ct.App. March 8, 1999); *lv. den.* 461 Mich. 933, 606 N.W.2d 24 (1999). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Petitioner's due process rights were violated when the trial court relied on an assumption that the defendant was guilty of murder, although she was convicted of manslaughter.

II. Petitioner's pre-sentence investigation report contained detailed references to her taking a polygraph test and her refusal to take a second polygraph test.

## II. STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly estab-

lished Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997).

■■■ A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 412–413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

### III. DISCUSSION

■■■ Petitioner's two sentencing claims will be consolidated for judicial economy. Petitioner raised these claims with the Michigan appellate courts. These courts rejected petitioner's appeal in standard unexplained orders. When a state court has not articulated its reasoning when denying a constitutional claim, a federal habeas court is obligated to conduct an independent review of the record and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented; however, that independent review is not a full *de novo* review of the claims, but remains deferential because a habeas court cannot grant relief unless the state court decision is not in keeping with the AEDPA's strictures. *Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir.2000); *Morse v. Trippett,* 102 F.Supp.2d 392, 402 (E.D.Mich.2000)(Tarnow, J.). Thus, where a state court decides a constitutional issue by form order or without an extended discussion, as was the case here, a habeas court should focus on the result of the state court's decision, applying the aforementioned standard. *Harris v. Stovall,* 212 F.3d at 943, fn. 1.

■■■ At the outset, this Court notes that petitioner's sentence of ten to fifteen years was within the statutory maximum set under the manslaughter statute. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *Cook v. Stegall,* 56 F.Supp.2d 788, 797 (E.D.Mich.1999)(Gadola, J.). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir.2000). Generally, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *Dennis v. Poppel,* 222 F.3d 1245, 1258 (10th Cir.2000).

Petitioner first contends that the trial court violated her due process rights by sentencing her under the assumption that she was guilty of murder, when she had, in fact, been permitted to plead guilty to a reduced manslaughter charge. In support of her claim, petitioner points to the fol-

lowing comment made by the trial court just prior to the imposition of sentence:

> Under all the circumstances it is obvious the defendant in effect murdered her child and is before the Court for sentencing.

(Sent.Tr., 10/10/97, p. 18).

Prior to making this statement, the trial court noted that petitioner had pleaded guilty to the reduced voluntary manslaughter charge, in exchange for dismissal of the open murder and first-degree child abuse charges. The trial court also noted that petitioner had ten prior misdemeanor convictions, had only completed the ninth grade, was unemployed, and had a history of substance abuse. The court went on to note that the circumstances underlying petitioner's conviction involved the death of her infant son. The court indicated that subsequent to the baby's death, petitioner tried to exculpate herself, both by blaming the baby's death on petitioner's four and a half year old daughter, as well as on some man that she observed walking down her street. Finally, the court pointed to letters that it had received from two doctors indicating that this was a case of child abuse that went beyond being a case of shaken baby syndrome. The court concluded by finding that in effect, petitioner had murdered her child. (*Id.* at pp. 17–18).

 Evidence germane to sentencing need only satisfy the preponderance of evidence standard, rather than the beyond the reasonable doubt measure. *United States v. Kingsley*, 241 F.3d 828, 833, fn. 7 (6th Cir.2001). A state need not prove beyond a reasonable doubt the facts that a trial judge deems to be salient at sentencing. *See Jones v. Thieret*, 846 F.2d 457, 461 (7th Cir.1988). Prior to sentencing, a judge may consider past crimes, including those for which a defendant has been indicted but not convicted, as well as the factual basis of dismissed counts. *United States v. Johnson*, 823 F.2d 840, 842 (5th Cir.1987)(internal citations omitted). In the present case, petitioner was originally charged with open murder, but was permitted to plead guilty to a reduced charge of voluntary manslaughter. "[I]f the government promises not to prosecute a defendant for certain offenses in exchange for a guilty plea to a different offense, the sentencing court may nevertheless consider the relevant but uncharged conduct so long as the punishment selected is within the statutory range for the offense of conviction." *Ables v. Scott*, 73 F.3d 591, 593 (5th Cir.1996)(*quoting United States v. McCaskey*, 9 F.3d 368, 377 (5th Cir.1993)).

In the present case, petitioner's sentence was within the prescribed range for the crime of voluntary manslaughter. Therefore, the mere fact that the trial court indicated that she believed that petitioner murdered her baby, when she was originally charged with that offense, would not entitle petitioner to habeas relief. This is especially true in light of the evidence presented in this case. At petitioner's plea hearing, petitioner told the trial court that she dropped her four month old son and he hit his head on an end table. Petitioner then admitted that she picked up the baby and shook him repeatedly out of anger. Petitioner acknowledged that as a result, the victim died of brain injuries. Petitioner admitted to the court that she intended to do great bodily harm to the victim and actually did that. The prosecutor also introduced a letter from the treating physician who indicated that he believed that the victim died from child abuse. (Plea Tr., 09/08/97, pp. 8–11).

 The malice aforethought required for a second degree murder conviction under Michigan law is defined as an intent to kill, an intent to do great bodily harm, or a wanton and willful disregard that the natu-

ral tendency of one's behavior is to cause death or great bodily harm. *Cook v. Stegall,* 56 F.Supp.2d at 795 (citing to *People v. Aaron,* 409 Mich. 672, 299 N.W.2d 304 (1980)). In the present case, petitioner acknowledged intending to do great bodily harm to her four month old baby. The natural tendency of petitioner's brutal beating of the young child was to cause great bodily harm. *See e.g. People v. Mackey,* 168 Mich.App. 154, 157–158, 423 N.W.2d 604 (1988). Accordingly, there was no error in the trial court's brief comment that petitioner had murdered her child, particularly where petitioner was sentenced within the statutory range for the offense of voluntary manslaughter.

 In her second claim, petitioner alleges that her pre-sentence investigation report contained detailed references to her taking a polygraph test and her refusal to take a second polygraph test. As an initial matter, petitioner did not object to the contents of the pre-sentence investigation report at sentencing. Petitioner's failure to dispute the accuracy of her pre-sentence investigation report precludes her from maintaining a habeas corpus challenge to its consideration by the sentencing judge. *See Boyd v. LeFevre,* 519 F.Supp. 629, 637 (E.D.N.Y.1981). There is no federal constitutional right to a pre-sentence investigation and report. *Elswick v. Holland,* 623 F.Supp. 498, 502 (S.D.W.Va.1985). The mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process. *Hili v. Sciarrotta,* 140 F.3d 210, 216 (2nd Cir.1998). Thus, the fact that petitioner's pre-sentence investigation report contained information about her taking a polygraph test and refusing to take a second polygraph would not entitle her to federal habeas relief.

 More importantly, petitioner has failed to demonstrate that the trial court relied on this information in imposing sentence. In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe,* 493 F.2d 343, 345–346 (6th Cir.1974); *Welch v. Burke,* 49 F.Supp.2d 992, 1007 (E.D.Mich.1999)(Cleland, J.). A review of the trial court's remarks at sentencing demonstrates that the trial court did not consider the information about the polygraph examinations in fashioning the sentence imposed in this case. Thus, the mere fact that the pre-sentence investigation report contained references to petitioner's polygraph examinations would not entitle her to habeas relief. *See Hiner v. State,* 470 N.E.2d 363, 373, 374 (Ind.App.1984)(trial court did not err in failing to excise from pre-sentence report references to polygraph examinations taken by the defendant and the victim where there was no showing that the trial court improperly considered these references to the polygraph examinations in sentencing defendant upon a conviction for rape). Because petitioner has failed to demonstrate in her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *Thomas v. Foltz,* 654 F.Supp. 105, 108 (E.D.Mich.1987)(Cohn, J.).

## IV. CONCLUSION

 The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or

agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483–484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484, 120 S.Ct. 1595. A district court has the power to deny a certificate of appealability *sua sponte. See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000). For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis.* because the appeal would be frivolous. *Hence v. Smith,* 49 F.Supp.2d 547, 549 (E.D.Mich.1999)(Gadola, J.).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*