# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY LEE BOELENS,

        Defendant-Appellant.

UNPUBLISHED
February 12, 2015

Nos. 317781; 321765
Ionia Circuit Court
LC Nos. 2013-015628-FH;
        2013-015627-FH

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

In Docket No. 317781, defendant appeals as of right following his jury trial convictions of using a computer to commit a crime (UCCC), MCL 752.796, and larceny by false pretenses, MCL 750.218(4)(a). In Docket No. 321765, defendant appeals as of right following his jury trial convictions of UCCC, MCL 752.796, and larceny by false pretenses, MCL 750.218(4)(a). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 32 to 168 months' imprisonment for each of his UCCC convictions, and to 34 to 120 months' imprisonment for each of his larceny by false pretenses convictions. We affirm.

In September 2012, Dawn Eastman and Karen Fifelski were each planning to move near Grand Rapids, Michigan. They separately responded to an advertisement defendant placed on craigslist.com of a house for rent at 1163 North State Street, Ionia, Michigan. Defendant told each of them that the house was available for rent and that they could move in on October 1, 2012. However, the house was only suitable for a single family. Dawn and Fifelski did not know each other, and neither would have agreed to rent it had they known someone else planned to move in as well. Defendant took $1,300 from Dawn's father, Frank Lance, to secure the property, and defendant took $1,300 from Fifelski to secure the property. Though Dawn originally planned to move into the property on September 29, 2012, defendant told her it would not be available until October 10, 2012. Defendant allowed her to store her belongings in a garage on the property. He later told both Dawn and Fifelski that the house was being foreclosed on and was no longer available for rent. Defendant never returned any of the money to either Dawn or Fifelski.

Defendant first argues that the trial court erred in assessing a score of 10 points for offense variable (OV) 4 in Docket No. 321765. Ten points should be assessed under OV 4 (psychological injury to victim) if the victim suffered serious psychological injury that may

-1-

require professional treatment. MCL 777.34(2). When determining whether to score 10 points under OV 4, "the fact that treatment has not been sought is not conclusive." *Id.* A score of 10 points under OV 4 is appropriate where there is evidence on the record indicating a victim suffered serious psychological injury resulting from the defendant's actions. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). In this case, both Stephanie Eastman (Dawn's daughter) and Dawn made statements to the trial court at defendant's sentencing hearing explaining the psychological injuries defendant's actions caused them. Stephanie stated that defendant's actions caused her stress, anxiety, and uncontrollable weight loss. She sought medical treatment because of these problems. Dawn stated that she incurred medical bills resulting from treatment for Stephanie's anxiety, which was caused by having no place to live. The reason they had no place to live was defendant's actions. In sum, there is evidence on the record that defendant caused Stephanie to suffer stress and anxiety. Furthermore, she sought and obtained treatment for this stress and anxiety. Additionally, there is evidence on the record that Dawn suffered psychological injury because she was "devastated" by defendant's actions. Therefore, a preponderance of the evidence supports an assessment of 10 points under OV 4. *Id.* Thus, the trial court did not clearly err in assessing 10 points for OV 4. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Defendant next argues that the trial court erred in assessing a score of 10 points under OV 9 in Docket No. 321765. Ten points should be assessed under OV 9 (number of victims) where there were 4 to 19 victims placed in danger of property loss. MCL 777.39(1)(c). Property loss under OV 9 includes financial loss. *People v Mann*, 287 Mich App 283, 286; 786 NW2d 876 (2010). When scoring OV 9, each person who was placed in danger of property loss should be counted. MCL 777.39(2)(a). In this case, defendant placed a total of five victims in danger of property loss: Lance, Dawn, Dawn's husband, and Dawn's two daughters. Lance stated that he paid defendant $1,300 and defendant never returned any of this money. Dawn stated that she placed her family's belongings in defendant's garage, and they were thereafter in danger of being taken by the bank during foreclosure. Dawn's family consisted of Dawn, her husband, and her two daughters. Therefore, the belongings of her family consisted of the belongings of four people. Furthermore, Dawn's husband had to take a job in North Dakota to pay for moving expenses. Dawn had to pay for a moving truck to retrieve her belongings from defendant's garage. Finally, Dawn incurred medical bills resulting from Stephanie's psychological and physical injuries resulting from defendant's actions. Thus, defendant placed a total of five people in danger of property loss. See *People v Harverson*, 291 Mich App 171, 181; 804 NW2d 757 (2010). Therefore, the trial court did not clearly error in assessing 10 points for OV 9. *Hardy*, 494 Mich at 438.

Finally, defendant argues in both Docket Nos. 317781 and 321765 that his constitutional right of due process was violated because he was unaware of the recording of the interview with his parents before trial and that the discovery violation affected the plea proceedings. Defendant has not established any constitutional violation. Michigan criminal procedure requires that, upon request, a party provide all other parties with "any written or recorded statement, including electronically recorded statements, pertaining to the case by a lay witness whom the party may call at trial . . . ." MCR 6.201(A)(2). In addition, "[i]f at any time a party discovers additional information or material subject to disclosure under this rule, the party, without further request, must promptly notify the other party." MCR 6.201(H). However, "[t]here is no general constitutional right to discovery in a criminal case." *People v Elston*, 462 Mich 751, 765; 614

NW2d 595 (2000). Therefore, a violation of MCR 6.201(A) based on the prosecution's failure to disclose information is nonconstitutional in nature. *Id.* at 765-766. "In order to overcome the presumption that a preserved nonconstitutional error is harmless, a defendant must persuade the reviewing court that it is more probable than not that the error in question was outcome determinative." *Id.* at 766.

In this case, defendant admitted that the late discovery of the recording did not undermine the reliability of the verdict. Rather, defendant argued merely that it prohibited him from meaningfully participating in the plea agreement because he had not heard the inflection in his father's voice on the recording. This is insufficient for defendant to overcome his burden of showing the discovery violation was not harmless. *Id.* at 765. For the same reason, the trial court did not err in failing to fashion a remedy for this violation. *People v Greenfield*, 271 Mich App 442, 454 n 10; 722 NW2d 254 (2006). Moreover, defendant has not shown that the trial court's refusal to reinstate the plea agreement was plainly erroneous because defendant has not shown that the prosecution abused its discretion or that defendant relied on the plea to the prejudice of his defense. *In re Robinson*, 180 Mich App 454, 458; 447 NW2d 765 (1989).

Affirmed.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey

-3-