# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARIN ALEXANDER BROWN,

Defendant-Appellant.

UNPUBLISHED
January 2, 2018

No. 333826
Kent Circuit Court
LC No. 16-001646-FH

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals his convictions, after a bench trial, of one count of larceny in a building, MCL 750.360, and three counts of stealing a financial transaction device, MCL 750.157n(1). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 34 to 180 months for each conviction. We affirm.

## I. FACTS

On February 2, 2016, around 9:30 p.m., the victim went to a bar with some friends and family to celebrate a friend's wedding. On arrival, the victim put her purse over her coat on the back of her chair. After about an hour, the victim got up to use the restroom and noticed that her purse was still where she left it on her chair. She also noticed defendant and at least three to four other men sitting at a booth directly behind the table where she and her friends were seated. About an hour later, the victim got up to use the restroom a second time, but when she went to grab her purse to take it with her, she discovered that it was gone from where she left it.

One of the victim's friends commented that she had seen defendant rummaging through papers over at his table. When the victim and her friends went over to defendant's table, which was unoccupied at that time, they found the victim's purse and some of its contents under the table, but her credit cards were gone. As they were reporting the theft to the security guards, they spotted defendant and two of his friends[1] coming from the restroom area, and pointed them out to the security guards. Defendant's two friends were searched, but nothing was found on them. At first, defendant refused to be searched, but when he was informed that the police was

---

[1] At that point, defendant's other two friends had left the bar.

on their way, he agreed to a search. When the security guards searched defendant, they found some of the victim's credit cards and her cellphone on him.

## II. SUFFICIENCY OF EVIDENCE

On appeal, defendant only challenges his larceny conviction,[2] arguing that it was against the great weight of the evidence because the verdict was based on a clearly erroneous finding of fact—that defendant was rifling through the victim's *purse* when the prosecution witness testified that she saw defendant rifling through *papers*. However, the prosecution maintains that defendant's argument is better characterized as a challenge to the sufficiency of the evidence. Nevertheless, we will address defendant's challenge under both standards.

In reviewing a challenge to the sufficiency of the evidence,[3] "this Court reviews the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Lee*, 243 Mich App 163, 167-168; 622 NW2d 71 (2000).

MCL 750.360 provides that "[a]ny person who shall commit the crime of larceny by stealing in . . . any building used by the public shall be guilty of a felony." The essential elements of larceny in a building are "(a) a trespassory taking and (b) the carrying away (c) of the personal property (d) of another (e) with intent to steal that property" and (f) the taking occurred "within the confines of [a] building." *People v March*, 499 Mich 389, 401; 886 NW2d 396 (2016). Larceny is a specific-intent crime, and the intent required is "to permanently deprive the owner of his [or her] property." *People v Cain*, 238 Mich App 95, 119; 605 NW2d 28 (1999) (quotation marks and citation omitted). "[T]he intent to permanently deprive includes the retention of property without the purpose to return it within a reasonable time . . . ." *People v Harverson*, 291 Mich App 171, 178; 804 NW2d 757 (2010). "Because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant entertained the requisite intent." *Id*. Criminal intent can be inferred from a defendant's "words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001).

Here, the evidence presented shows that defendant took the victim's purse, removed the victim's credit cards from the purse, and took the victim's cell phone from her coat pocket. The victim's coat, containing her cell phone and her purse, was draped over the back of her chair, and defendant sat at the booth directly behind the victim's chair. The victim's friend testified that she saw defendant rifling through papers, and that once the victim realized her purse was missing, she and her friend found papers and other items from the purse beneath the booth where

---

[2] Defendant does not challenge his convictions for three counts of stealing a financial transaction device as being against the great weight of the evidence.

[3] We review de novo a challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

defendant had been sitting. The victim's purse was also found against the wall under the booth. The victim's cellphone and credit cards were recovered from defendant's possession.

We find unpersuasive, defendant's theory that one of the other men with him that night could have taken the taken the purse, removed the credit cards, and then given defendant the credit cards without defendant's knowledge that they were stolen, which would negate the elements of a trespassory taking, a carrying away, and a specific intent to permanently deprive the victim of her personal property. This is because this theory negates the direct evidence offered at trial, through testimonies of the three prosecution witnesses at trial and the inferences arising from that evidence. Moreover, the prosecution is not required to disprove every conceivable alternate theory. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

We also hold that sufficient evidence was presented to show that defendant had the requisite intent to permanently deprive the victim of her purse, her credit cards, and her cell phone. In the instant case, defendant left the purse under the booth and against the wall, in a dark club, rather than return the purse to the victim. Therefore, a rational trier of fact could find that defendant did not intend to return the purse within a reasonable time, which demonstrates the specific intent to permanently deprive. *Harverson*, 291 Mich App at 178. Moreover, with regard to the cell phone and credit cards, defendant had them in his possession and did not offer them to the security guards when he and his friends were confronted about the missing items. Defendant's refusal to reveal the contents of his right pants pocket and possession of the stolen items surpasses the requirement of minimal circumstantial evidence needed to demonstrate defendant's intent.

Reasonable inferences drawn from evidence presented through the testimony of the three prosecution witnesses provided sufficient evidence to support defendant's larceny conviction.

## III. GREAT WEIGHT OF EVIDENCE

We also reject defendant's argument that the trial court's verdict was against the great weight of the evidence.[4]

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003). Determining whether a verdict is against the great weight of the evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds in *People v Lemmon*, 456 Mich 625; 576 NW2d 129 (1998). The issue usually involves matters of credibility or circumstantial evidence, *In re Robinson*, 180 Mich App 454, 463; 447 NW2d 765 (1989), but if there is conflicting evidence, the question of credibility should be left for the fact-finder, *Dawe v Bar-Levav & Assoc (On Remand),* 289 Mich App 380, 401; 808 NW2d 240 (2010).

---

[4] Although defendant did not move for a new trial at the trial court level, defendant's great-weight argument is preserved on appeal because he was convicted following a bench trial. MCR 7.211(C)(1)(c).

There was direct evidence that the victim's cellphone and credit cards were recovered from defendant's possession, that he was seen rifling through papers at his booth, and that the purse was found beneath the booth where he had been sitting. There was also evidence of intent given defendant's failure to provide information about the missing items when questioned. By contrast, defendant offers only the wholly unsupported claim that others stole the property and that he accepted receipt of them not knowing they were stolen. The evidence does not preponderate heavily against the verdict.

## IV. RIGHT TO COUNSEL

Finally, defendant argues that he was entitled to substitute counsel because defense counsel was unprepared and there had been a complete breakdown in the relationship between defendant and defense counsel.[5]

The federal and State constitutions grant the right to counsel in all criminal prosecutions. US Const, Am VI; Const 1963, art 1, § 20. While an indigent defendant is guaranteed the right to counsel, a defendant is not necessarily guaranteed the attorney of his or her choice. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001), and is not entitled to substitution of appointed counsel merely because the defendant is dissatisfied with appointed counsel. *People v Bradley*, 54 Mich App 89, 95; 220 NW2d 305 (1974). However, a defendant is entitled to substitution of defense counsel if the discharge of the first attorney is for (1) good cause and (2) does not disrupt the judicial process. *People v Buie (On Remand)*, 298 Mich App 50, 67; 825 NW2d 361 (2012).

On the first day of trial, defendant informed the court that he was not ready for trial and was unhappy with defense counsel's performance. According to defendant, "I have not even been warned that I had court or told that I had court today. Nobody has told me. I did not receive any mail from the courts or my lawyer. I have not seen my lawyer since the trial conference hearing. I haven't talked to him or any of that." Defense counsel asked the court if he could "address the concerns raised by defendant," but the trial court stated that it would allow counsel to put the concerns on the record at the conclusion of trial. However, this issue was never raised or addressed afterwards.

When defendant asserted that his counsel did not inform him of the trial date, did not meet him to prepare for trial, and did not provide him with discovery materials, the trial court was obligated to "hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusions." *People v Ginther*, 390 Mich 436, 442; 212 NW2d 922 (1973). In the instant case, the trial court did not determine whether defendant's allegations were true and did not allow defense counsel to address the concerns. Although the trial court stated that it would allow defense counsel to address the concerns at the conclusion of trial, this issue was never revisited prior to the verdict. The court made no fact finding as to the veracity of the defendant's

---

[5] A trial court's decision regarding a defendant's request for substitution of appointed counsel is reviewed for an abuse of discretion. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). A trial court abuses its discretion if its decision falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 21 (2003).

claims and made no ruling on the implied request to substitute counsel. Accordingly, the trial court did not exercise its discretion.

Failure to exercise discretion is an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012). Despite this error, we do not reverse. We recognize that although a complete breakdown of the attorney-client relationship may justify appointing a new counsel, *Buie*, 298 Mich App at 67, however, a trial court's failure to explore a defendant's claim that his assigned counsel should be replaced does not necessarily require setting aside a subsequent conviction. *Ginther*, 390 Mich at 442. In the instant case, defendant did not categorically request for the removal of counsel. Rather he complained about counsel's performance. A "mere allegation that a defendant lacks confidence in his or her attorney" or "a defendant's general unhappiness with counsel's representation is insufficient" to find good cause for substitution of counsel. *People v Strickland*, 293 Mich App, 393, 398; 810 NW2d 660. Nevertheless, even if we were to treat defendant's dissatisfaction with counsel as a request for a new counsel, there was no prejudice because defense counsel proceeded to adequately represent defendant, was familiar with the facts of the case, thoroughly cross examined witnesses, and acted diligently to protect defendant's rights. In fact, the trial court described defense counsel's closing argument as "penetrating," and praised him for "present[ing] a well-articulated defense theory." *Buie*, 298 Mich App at 67 (stating that where defense counsel performs adequately to protect defendant's interests at trial, the conviction should not be set aside even where the trial court did not consider defendant's allegations of attorney disinterest). Accordingly, we find no abuse of discretion.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro