PEOPLE v MANN

Docket No. 288314. Submitted January 5, 2010, at Lansing. Decided February 2, 2010, at 9:10 a.m.

Brian C. Mann pleaded guilty in the Barry Circuit Court, James H. Fisher, J., to charges of armed robbery and unlawful imprisonment stemming from an incident during which defendant entered a store while armed with a knife and demanded money from an employee, obtained the money, left the store, stopped a woman driving a car, and forced the woman to drive him to another location. Defendant was sentenced to concurrent terms of 171 months to 40 years for the robbery conviction and 10 to 15 years for the unlawful imprisonment conviction. The Court of Appeals, FORT HOOD, P.J., and WHITE and MURRAY, JJ., in lieu of granting defendant's delayed application for leave to appeal, entered an unpublished order on May 21, 2008 (Docket No. 284628), vacating the judgment of sentence and remanding the case to the trial court with instructions to recalculate Offense Variable (OV) 9 in light of *People v Melton*, 271 Mich App 590, 596 (2006), and MCL 777.39. *Melton* held that OV 9 was to be scored solely according to the number of victims placed in danger of physical injury or death, not victims placed in danger of financial injury. MCL 777.39 was amended after *Melton* was decided, effective one month before defendant committed the crimes. The amendment added persons placed in danger of property loss as victims for purposes of scoring OV 9. On remand, the trial court changed the score of OV 9 from 10 points to zero points and resentenced defendant to 135 months to 40 years for the robbery conviction and 10 to 15 years for the unlawful imprisonment conviction. The prosecution appealed.

The Court of Appeals *held*:

1. Neither *Melton* nor the amendment of MCL 777.39 following *Melton* presents a reason for adjusting the original scoring of OV 9, because the prosecution has always relied on the fact that two victims were placed in danger of injury or death, not financial or other property-related criteria, in maintaining that a score of 10 points is proper. Neither *Melton* nor the legislative response to it bars the reinstatement of the original score.

2. The course of committing an armed robbery includes the robber's conduct in fleeing the scene of the crime. Therefore, defendant's forcing the driver of the car to drive him from the scene of the robbery created a second victim, the driver, of the armed robbery.

3. The trial court inaccurately inferred from the Court of Appeals order that the Court of Appeals demanded that OV 9 be scored at zero points. The trial court correctly scored OV 9 at 10 points in the first instance. The sentences imposed on remand must be vacated and the case must be remanded to the trial court for the reinstatement of the original sentences.

Vacated and remanded.

CRIMINAL LAW — ARMED ROBBERY — CONDUCT IN FLEEING SCENE OF CRIME.

An armed robber's conduct in fleeing the scene of the crime is included within the course of committing the armed robbery (MCL 750.529, 750.530).

*Michael A.* Cox, Attorney General, *B. Eric Restuccia*, Solicitor General, *Thomas E. Evans*, Prosecuting Attorney, and *David G. Banister*, Chief Assistant Prosecuting Attorney, for the people.

*Ronald D. Ambrose* for defendant.

Before: BECKERING, P.J., and MARKEY and BORRELLO, JJ.

MARKEY, J. The prosecution appeals by leave granted the trial court's decision to rescore a sentencing variable and adjust downward defendant's sentence for a conviction of armed robbery, MCL 750.529. We vacate and remand for reinstatement of the original sentences. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

Defendant pleaded guilty to charges of armed robbery and unlawful imprisonment, MCL 750.349b. At the plea proceeding, defendant admitted that while armed with a knife he entered a store in Nashville and

demanded money from an employee. Defendant further admitted that upon obtaining the money, he left the store, stopped a woman driving a car, and forced her to drive him to Battle Creek. In exchange for the plea, the prosecutor agreed to drop charges of carjacking, MCL 750.529a, and kidnapping, MCL 750.349, and to waive habitual offender enhancement of defendant's sentences. Additionally, the trial court agreed to impose minimum sentences at the low end of the guidelines range.

The trial court initially sentenced defendant to serve concurrent terms of imprisonment of 171 months to 40 years for the robbery conviction and 10 to 15 years for the unlawful imprisonment conviction. The trial court denied a motion for resentencing. In response to defendant's delayed application for leave to appeal, this Court, in lieu of granting the delayed application, entered an order vacating the judgment of sentence and remanding this case to the trial court with instructions to recalculate Offense Variable (OV) 9 in light of *People v Melton*, 271 Mich App 590, 596; 722 NW2d 698 (2006), and MCL 777.39. Unpublished order, entered May 21, 2008 (Docket No. 284628). On remand, the trial court changed the score of OV 9 from 10 to zero points, and resentenced defendant to 135 months to 40 years for the robbery conviction and 10 to 15 years for the unlawful imprisonment conviction. The prosecutor now appeals by leave granted.

Offense Variable 9 addresses the number of victims. The trial court originally assessed 10 points for that variable, which is the total prescribed where "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c).

In the conflict resolution case of *Melton*, this Court held that OV 9 was to be scored solely according to the

number of victims placed only in physical danger. Under *Melton*, no points are to be scored under OV 9 for victims placed in danger of financial injury. *Melton*, 271 Mich App at 592 (DAVIS, P.J.), 597 (NEFF, J., concurring). *Melton* was decided on July 20, 2006. In apparent response to that decision, the Legislature amended MCL 777.39, effective March 30, 2007 (approximately one month before the crimes here at issue), to add persons placed in danger of property loss to those placed in danger of physical injury or death as victims for purpose of scoring OV 9. 2006 PA 548.

In this case, however, the prosecutor seeks to return defendant's score for OV 9 from zero to 10 points solely on the basis that two victims were threatened with injury or death. Because the prosecutor has never relied on financial or other property-related criteria in maintaining that a score of 10 points is proper, neither *Melton* nor the legislative response to it presents a reason for adjusting the original scoring of OV 9. Consequently, neither *Melton* nor the legislative response to it now bar the reinstatement of that original score.

Other caselaw does come to bear, however. In *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), our Supreme Court held that for purposes of scoring OV 9, "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." *Id.* at 122.

Defendant protests that his armed robbery was completed with there being only one victim for purposes of OV 9 before he began the separate crime stemming from his commandeering a car and driver for his getaway. The applicable statutes, however, prevail over this empirical reasoning. MCL 750.530(1) sets forth

robbery in general terms as a felony punishable by imprisonment for not more than 15 years. MCL 750.530(2) in turn adds that for purposes of that statute, the course of committing a larceny includes "flight or attempted flight after the commission of the larceny . . . ." MCL 750.529 incorporates MCL 750.530 by reference and enhances the penalty if the robbery is accomplished with the use of a dangerous weapon. Accordingly, the course of an armed robbery includes the robber's conduct in fleeing the scene of the crime. Thus, in the instant case, defendant's commandeering of a car immediately after taking money from the first victim and forcing the driver of the car to drive him to another community, created a second victim of the armed robbery. In other words, the carjacking incident constituted not only the commission of separate offenses, but was also a continuation of the armed robbery.

At the beginning of the resentencing proceeding, the trial court stated, "As I understand it, the Court of Appeals has indicated that OV 9 should have been scored zero. Is that correct?" Defense counsel agreed, but the prosecuting attorney protested, arguing that the variable was to be recalculated, not necessarily adjusted to zero. The trial court heard arguments, announced its decision to rescore OV 9 at zero, and invited the prosecuting attorney to appeal.

Defendant argues that the trial court correctly interpreted this Court's remand order in this regard and that the result demands respect now as the law of the case. We disagree.

We conclude that the trial court inaccurately inferred from this Court's remand order that this Court demanded that it score zero for OV 9. This Court instead expected only that the question would be considered

anew, applying *Melton*, to the extent that it was relevant. Upon further review, we now conclude that the trial court correctly scored OV 9 at 10 points in the first instance.

Because the original sentences of 171 months to 40 years for the armed robbery conviction and 10 to 15 years for the unlawful imprisonment conviction were within the appropriate guidelines sentence range of properly scored guidelines, resentencing is neither required nor permitted. MCL 769.34(10). Instead, we vacate the sentences imposed after this Court's initial remand and again remand with instructions to reinstate the original sentences.[1]

We vacate defendant's new sentences and remand for reinstatement of his original sentences. We do not retain jurisdiction.

---

[1] The trial court should take this opportunity to correct an irregularity that the parties have not discussed. Although at resentencing the trial court stated from the bench its intention to retain the 10- to 15-year sentence for the unlawful imprisonment conviction, which was not at issue, the judgment of sentence that followed listed for that conviction the same 135 months to 40 years sentence listed for the armed robbery conviction. Because there was no legal reason or justification for increasing both the minimum and maximum sentences for that conviction, we regard this irregularity as simple inadvertence but ask the trial court to correct it on remand.