*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LAWRENCE CHARLES WATSON,

      Defendant-Appellant.

UNPUBLISHED
February 14, 2019

No. 339745
Macomb Circuit Court
LC No. 2016-001931-FC

Before: MURRAY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of armed robbery, MCL 750.529. Defendant was sentenced to 7 to 20 years' imprisonment. We affirm.

This case arises out of an armed robbery in Eastpointe. According to trial testimony, IS and CW were walking on a public sidewalk, and IS had his phone in his hand and the two boys were listening to music playing on the phone. Defendant asked if he could use IS's phone. IS and CW declined. Defendant then asked if either of them would like to buy "lean," which is a mixture of codeine and Sprite, or marijuana. Again, they declined and continued to walk past defendant. Defendant then caught up to IS and CW and pulled a gun from his waistband. Defendant pointed the gun at IS and at CW and told them to give him everything in their pockets. IS gave defendant his phone. Defendant then told them to turn around and run. When they were far enough away, CW called 911 from the cell phone that he hid from defendant in the back pocket of his pants.

Officer Joseph Piro observed defendant on a bicycle in the area of the armed robbery. Officer Piro shined his police car's spotlight on defendant and then activated his emergency lights. Defendant glanced over his shoulder at Officer Piro, and then started pedaling faster. Defendant turned down a side street, jumped off his bike, and ran behind a house. Officer Piro chased defendant on foot, but lost sight of him.

Defendant argues that the trial court abused its discretion in assessing 10 points under offense variable ("OV") 19 and 10 points under OV 9. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a

preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).

## I. OV 19

Defendant argues that the trial court abused its discretion in assessing 10 points under OV 19 because it was ambiguous whether defendant interfered with the administration of justice.

OV 19 concerns the " 'threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services.' " *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010), quoting MCL 777.49. A trial court can properly assess 10 points under OV 19 when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). This includes "fleeing from police contrary to an order to freeze." *Id*. at 344.

We reject defendant's argument that Officer Piro's actions of activating his spotlight and emergency lights did not constitute an order for defendant to freeze. "Fleeing from the police can easily become 'interference with the administration of justice' particularly where . . . there was an effective command for the vehicle to stop, in the form of the police activating their lights and sirens." *People v Ratcliff*, 299 Mich App 625, 633; 831 NW2d 474 (2013), vacated in part on other grounds 495 Mich 876 (2013). While Officer Piro did not activate his siren when he approached defendant, Officer Piro put his spotlight on defendant and activated his emergency lights. Additionally, defendant knew this information because as he looked over his shoulder at Officer Piro's police car, instead of stopping his bicycle, defendant pedaled faster, ran behind a house, and jumped over a fence to elude Officer Piro. This evidence indicates that defendant intentionally disregarded Officer Piro's command to stop in an attempt to flee. Accordingly, the trial court's assessment of 10 points under OV 19 was supported by a preponderance of the evidence, and did not constitute clear error.

## II. OV 9

Defendant next argues that the trial court abused its discretion in assessing 10 points under OV 9 because the gun was not capable of causing injury or death.

OV 9 relates to the number of victims. *People v Mann*, 287 Mich App 283, 285; 786 NW2d 876 (2010). Ten points are assessed under OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). A victim is one who is placed in danger of injury or death when the offense was committed. *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008).

> The instructions do not necessarily require that a separate criminal offense have occurred with respect to that victim. For example, in a robbery, the defendant may have robbed only one victim, but scoring OV 9 for multiple victims may

nevertheless be appropriate if there were other individuals present at the scene of the robbery who were placed in danger of injury or loss of life. [*Id.* at 350-351 n 2.]

"Pointing a gun at multiple individuals clearly places them in danger of injury or loss of life." *People v Harverson*, 291 Mich App 171, 181; 804 NW2d 757 (2010).

IS testified that defendant took only his phone during the armed robbery. Despite robbing only IS, there were two victims for purposes of OV 9 because both IS and CW were present during the armed robbery, and they were placed in danger of physical injury or death. *Sargent*, 481 Mich at 350-351 n 2.

Defendant further argues, without supporting authority, that because the gun was a BB gun and not an actual firearm, it could not actually cause physical injury. While there may be a low chance of death as a result of a BB gun, there is a possibility of physical injury from getting shot by a BB gun. A person does not need to actually be injured to be placed in danger of physical injury. See *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004) (determining that there were two victims under OV 9: one that was robbed at gunpoint and one that was shot by the robber). Additionally, the trial court noted that IS and CW "were placed in danger of injury at a minimum." Therefore, the trial court did not clearly err by assessing 10 points under OV 9 because a preponderance of the evidence established that IS and CW were placed in danger of physical injury when defendant pointed a BB gun at them during the armed robbery.

Defendant also cites to caselaw standing for the proposition that OV 9 requires the trial court to assess points based on what actually happened, not what might have happened. In defendant's cited case, *People v Phelps*, 288 Mich App 123, 138-139; 791 NW2d 732 (2010), overruled on other grounds by *Hardy*, 494 Mich at 438 n 18, this Court determined that, even though the defendant sexually assaulted a victim in the presence of two of the victim's friends, the defendant did not threaten or make physical contact with either of the victim's friends. Therefore, there were not two victims for purposes of OV 9. *Id.* Defendant fails to appreciate that *Phelps* is distinguishable because defendant threatened IS and CW with physical injury when he pointed a gun at them. Accordingly, the trial court did base its conclusion on what actually happened—that defendant placed IS and CW in danger of physical injury when he pointed a BB gun at them.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan